237 So.2d 364

STATE of Louisiana

v.

Larry WINESBERRY.

No. 50447.

June 29, 1970.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, John E.

Unsworth, Jr., Asst. Dist. Attys., for plaintiff-relator.

H. W. O'Brien, Jr., New Orleans, for defendant-respondent.

BARHAM, Justice.

The defendant was charged in a bill of information with the possession of a narcotic drug, a crime defined by R.S. 40:962(A). The district judge after a hearing sustained a motion to suppress evidence (a marijuana cigarette and gleanings of marijuana), and the State, having reserved and perfected a bill of exception to this ruling, sought certiorari, which we granted.

On December 26, 1969, at about 8:45 p. m. two members of the New Orleans Police Department were cruising in a marked police unit in the 3100 block of St. Thomas Street in New Orleans. They noted two men (one of whom was the defendant here) walking toward the moving police vehicle in the middle of the street about one block ahead. As the car approached, the men moved to the side of the street. The police stopped their car and got out. The driver observed the defendant's companion make a throwing motion toward the back of a parked car. The driver went over to the parked car and there found a .22-caliber pistol. After informing the defendant and his companion of their constitutional and legal rights and questioning each of them as to the ownership of the pistol, the officers placed the defendant's companion under arrest on a charge of carrying a concealed weapon, handcuffed him, and put him into the back of the police car.

The defendant after being patted down for weapons was also placed in the back of the car. He testified that he did not remember whether he was told at that time that he was under arrest, but stated that he was handcuffed when he was put into the police car. The officers' testimony is that they did not then arrest or handcuff the defendant, but that because of the combination of circumstances they had reason to suspect that he had committed or was about to commit a crime, and since they did not want to chance his running away, they decided to restrain him in order to check both the weapon and the defendant with the N.C.I.C.[1] Having quickly received an answer which absolved the defendant from any cause for arrest or further detention, one of the officers opened the back door of the automobile to allow

---

1. National Crime Information Center, a modern scientific device for aiding and expediting police work. It is a nation-wide computer system which stores the names of all wanted criminals, serial numbers of stolen guns, identifying numbers of stolen cars, and similar data, and when questioned in relation to any of these, it will report back almost instantly the information on file in regard to the subject matter of the inquiry.

the defendant to leave. According to the testimony, as the defendant stepped out of the car, the officer saw a hand-rolled cigarette on the floor which he recognized as a typical marijuana reefer. He then placed the defendant under arrest for possession of a narcotic. Later, gleanings of marijuana were found in the defendant's clothing.

The first question to be answered is whether the restraint of defendant was an illegal arrest or detention which would taint the evidence sought to be suppressed.

Code of Criminal Procedure Article 215.-1 pertinently provides:

"A. A law enforcement officer may stop any person in a public place whom [sic] he reasonably suspects is committing, has committed or is about to commit a felony or a misdemeanor and may demand of him his name, address and an explanation of his actions.

"B. When a law enforcement officer has stopped a person for questioning pursuant to this Article, and reasonably suspects that he is in danger of life or limb, he may search the outer clothing of such person for a dangerous weapon or for any other thing the possession of which may constitute a crime.

"* * *"

This type of legislation is commonly referred to as a "stop and frisk law". Its very purpose is to set forth standards of conduct under which the police may stop and detain one whose actions reasonably should cause suspicion that the person is committing, has committed, or is about to commit an offense. It is the circumstances of each case which determine the right to stop, the right to frisk, and the nature of the temporary detention. Here a combination of circumstances was weighed: The defendant's companion had attempted to hide a pistol. The defendant denied knowing anything about the gun although it was thrown away in his presence. There had been several armed robberies in the neighborhood. The defendant appeared to be nervous, and the officers feared his possible attempt to run. They therefore placed him in the police car on the rear seat while one of them used the equipment in the car's front to obtain a report on the defendant and the pistol.

Detention under these circumstances did not constitute arrest. We have no difficulty in finding that the stopping, the patting down for weapons, and the detention for identification were reasonable as to cause, method, and duration, and were therefore legal.

The second question posed is whether the property which was discarded on the floor of the police car could be used in evidence.

The officers testified that before beginning their evening's service with this patrol car, they had checked it out, that the rear seat and floor were clean, that no arrest had been made earlier on their tour of duty, and that no occupant had been in the rear seat before the defendant and his companion were placed there. The officer's special knowledge allowed him to recognize that the object found on the floor when the defendant alighted was a marijuana cigarette.

Abandoned property does not fall within the protection of the Fourth Amendment, and police have the right to retrieve it. Hester v. United States, 265 U.S. 57, 44 S. Ct. 445, 68 L.Ed. 898 (1924); Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); see also Burton v. United States, 272 F.2d 473 (C.C.A. 9th 1959); Trujillo v. United States, 294 F.2d 583 (C.C.A. 10th 1961). Cf. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L. Ed.2d 1688 (1960). In the present case the abandoned property, the cigarette, was evidence sufficient to give cause for arrest and was legally seizable as an incident to arrest. The gleanings later taken from the defendant's clothing fall into the same category.[2]

2. The present case is easily distinguishable from State v. Lawson, 1970, 256 La. 471, 236 So.2d 804, in which we affirmed the district judge's ruling sustaining a motion to suppress. There we found illegal

For these reasons the district court's ruling ordering the evidence suppressed in this case is reversed, and the case is remanded for further proceedings consistent with this opinion.

action by the police preceding the dropping of the property, and pretermitted a finding as to whether the property was voluntarily abandoned.