284 So.2d 882 (1973)
STATE of Louisiana, Appellee,
v.
Leslie JEFFERSON, Appellant.
No. 53482.
Supreme Court of Louisiana.
October 29, 1973.
Rehearing Denied November 30, 1973.
Lawrence J. Genin, Al Jules Mendoza, Chauppette, Genin, Mendoza & Keeton, Marrero, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Marion F. Edwards, Asst. Dist. Atty., for plaintiff-appellee.
*883 TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty-five years' imprisonment.
On his appeal, he relies upon eight bills of exceptions. The most serious issue is presented by the bill taken to the overruling of the motion to suppress certain evidence as unlawfully obtained by reason of an illegal search and seizure.
Context Facts
A gunman and two companions entered a liquor store on Williams Boulevard in Kenner. They robbed the proprietor of four hundred dollars in paper currency and of certain other objects.
A witness saw the three run out of the store, join two other black youths, and jump into a Chevrolet automobile. She saw the vehicle turn off Williams Boulevard and down a street heading towards New Orleans. The defendant Jefferson and four other blacks were in a green-with-black-stripes Chevrolet when it was stopped on that street ten-eighteen minutes later.
The police radio immediately broadcast news of the robbery. The broadcast stated that five blacks were fleeing in a vehicle believed to be a red and white 1961 Chevrolet. The evidence does not show that the broadcast stated the street on which the robbers were fleeing.
A police car happened to be on that street. The two policemen stationed themselves heading towards New Orleans. They saw a Chevrolet, green with black stripes, with at least four blacks in it proceeding fast towards New Orleans. They immediately followed it and caused the vehicle to draw over to the side about nine blocks later.
Davis, the driver of the vehicle, stepped out and met Deputy Smith by the rear of his car or the front of the police car, drawn up two-car lengths behind. The deputy informed Davis he was stopped for suspicion of speeding.
After checking Davis's license, the deputy permitted him to return to his vehicle, without issuing a citation for speeding. The deputy then shined his flashlight through the window and saw paper currency scattered over the back seat and the floorboards. The five men inside the car were ordered out and arrested.
The Motion to Suppress
The motion to suppress is founded upon the proposition that no probable cause existed for the deputies to stop the Chevrolet, since it was not speeding over the 35 mph limit on the road in question. The deputy admitted that he merely suspected excess speed on the basis of a visual impression and that, after he had taken down the driver's license information, he released him without charge (before he shined his flashlight into the rear of the car).
The defendant thus relies upon the principle that the fruit of a search and seizure occurring in the course of an illegal detention is inadmissible. State v. Lawson, 256 La. 471, 236 So.2d 804 (1970). (In the cited decision, the stopping of a vehicle for a traffic violation was held to be a pretext, so that evidence seized as a result thereof was held to be inadmissible.) See also United States v. Davis, 459 F.2d 458 (C.A. 9, 1972). Cf., Pace v. Beto, 469 F.2d 1389 (C.A. 5, 1972).
Here was no search, but an arrest based on what was observed, in plain view, after a momentary detention. If that detention was illegal, the observation (of the scattered money) was poisoned and the defendants should be relieved from the consequences of the illegal detention. State v. Lawson, 256 La. 471, 236 So.2d 804 (1970).
We are not prepared to hold that the evidence supports that there was probable cause to stop the Chevrolet for speeding. Nevertheless, the evidence supports for the reasons to be statedprobable *884 cause to stop the vehicle for interrogation of its occupants and for a limited visual inspection of them and the vehicle in which they were riding.
The Fourth Amendment to the United States Constitution protects the people against "Unreasonable searches and seizures". (Italics ours.) The United States Supreme Court has held that a warrantless investigatory detention, reasonably limited in scope by its merely investigatory purposes, does not offend this prohibition. Terry v. Ohio 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L. Ed.2d 917 (1968). This investigatory detention for purposes of interrogation extends to automobiles and their occupants. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). See also: State v. Williams, 262 La. 317, 263 So.2d 306 (1972); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971); State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970).
The right of the law enforcement officer to require a stop for purposes of investigation is limited by the state and federal constitutions. An automobile may not be stopped and searched, for instance, in the absence of any reasonable or probable cause to believe that the particular automobile contains the object for which searched. Almeida-Sanchez v. United States, U.S., 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); Dyke v. Taylor Implement Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968).[1]
The right to make an investigatory stop for purposes of investigation (interrogation) must be reasonable as to cause, method, and duration. State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970). "The scope of the search must be `strictly tied to and justified by' the circumstances which rendered its initiation permissible." Terry v. Ohio, cited above, at 392 U.S. 19, 88 S.Ct. 1878. See LaFave, "Street Encounters" and the Constitution, 67 Mich.L.Rev. 40 (1968); Comment, 29 La.L.Rev. 523 (1969).
For the detention to have a reasonable cause, the law enforcement officer should be able to "point to specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant that intrusion." Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880 (1968). Thus, more than subjective good faith on the part of the detaining officer is required. Beck v. Ohio, 379 U.S. 89, 85 S. Ct. 223, 13 L.Ed.2d 142 (1964).
Moreover, the extemely limited protective search permitted incident to such a detention cannot extend beyond the reasonable scope of its limited investigatory purposes, keeping in mind that only a reason for investigation exists, not probable cause for arrest. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).
Thus, there is an area short of arrest where a police officer may lawfully approach a person, speak to him, and momentarily detain him. Not all people, but some. When a felony has been committed and it is more than possible because of time, place and circumstances that a person have information concerning the event, the police may lawfully stop and ask, whether that person be on foot, horseback or in an automboile. Although a search incident to such inquiry would not be lawful, police are allowed to see what is in plain view and act upon what they see.
In the present instance, the law enforcement officers were, by these tests, justified in stopping the fast-moving car for investigation. They had received word that five blacks who had committed an armed robbery in the vicinity a few minutes earlier were fleeing the scene. They saw an automobile *885 of the make reported, although not the color (it was in the evening hours), proceeding rapidly away from the scene of the robbery. It contained at least four blacks in the front and back seats.
On stopping the car, the officers did no more than identify the driver and shine their flashlight over the occupants and the interior of the car. There is no indication but that, had nothing more suspicious been observed, the vehicle and its occupants would have been permitted to go on their way without further invasion of their privacy.
The officers had previously been informed that four hundred dollars had been stolen in the robbery. Only when they saw paper currency scattered over the rear of the car did they proceed further. Upon the probable cause thus discovered, they arrested the occupants and seized the currency and weapons in the car.
Pretermitting whether or not shining the flashlight into the vehicle is technically a "search" for purposes of the Fourth Amendment, but see State v. Jones, 263 La. 164, 267 So.2d 559 (1972), Williams v. United States, 404 F.2d 493 (C.A. 5, 1968), Fisher, Search and Seizure, Section 31 (1970), this limited investigatory act of shining the flashlight into an automobile, under the circumstances justifying reasonable investigation, did not exceed the limited scope of the investigatory purposes of the stop of a moving vehicle.
Acting within such limited investigatory scope, the arresting officer thus discovered in plain view the fruits of the crime, thus justifying the seizure of them and the arrest of the possessors. We find no merit in this bill.
Other Bills
The other bills present issues governed by well settled principles correctly applied by the trial court:
Bills Nos. 1 and 2 concern the rejection of a challenge for cause to the seating of a juror (No. 1), forcing the defendant to exercise a peremptory challenge. As a result, the defendant was unable to exercise a peremptory challenge as to another juror he was forced to take. (No. 2.) The record, however, indicates that, upon further interrogation, the trial judge was satisfied that the first juror's initial uncertainty about the presumption of innocence was dispelled and that the juror would accept the instructions of the court and render an impartial verdict in accordance with the law and the evidence. Tr. 242-44. We find no error in the trial court's rejection of a challenge for cause. La.C.Cr.P. Art. 797(2) and (4); State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971).
Bills Nos. 3 and 5 arise as follows: The defendant was charged with and tried for robbing Ledesma. At the same time as Ledesma was robbed, a bystander named Mader was robbed. The bills were perfected as to reference to this other crime. However, the other crime's circumstance was an immediate concomitant of the offense with which the defendant is charged and formed, in conjunction with it, one continuous transaction. It is thus admissible as constituting part of the res gestae. La.R.S. 15:447, 15:448; State v. Whitsell, 262 La. 165, 262 So.2d 509 (1972). Under the circumstances, its relevance outweighed its prejudicial effect. State v. Moore, 278 So.2d 781 (La.Sup.Ct.1973); State v. Prieur, 277 So.2d 126 (La.Sup.Ct.1973).
As to the remaining bills: Bill No. 4: Photographs shown to accurately depict the scenes and object shown were correctly admitted, despite lack of evidence as to who had developed them. State v. Chambers, 263 La. 1080, 270 So.2d 514 (1972). Bill No. 6: The trial court did not abuse its discretion by permitting the prosecutor's redirect examination to exceed the scope of recross-examination, since the defendant had a right to recross on the new matter brought out. La.R.S. 15:281. And, as to the final bill, we find no merit in the contentions urged for a new trial.
*886 Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
Defendant reserved a bill of exceptions to the denial of his motion to suppress certain evidence which he urges was obtained through an unconstitutional search and seizure.
I am of the opinion that under the facts stated by the majority the seizure of this evidence was unconstitutional, the evidence should have been suppressed and that its use at the trial constitutes reversible error.
NOTES
[1] Also, even though the mobility of the automobile may often furnish an exigent circumstance justifying a warrantless search, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), this is not always the case, see Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).