292 So.2d 226 (1974)
STATE of Louisiana
v.
Lawrence MATTHEWS, Jr.
No. 54146.
Supreme Court of Louisiana.
March 25, 1974.
Milton P. Masinter, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, *227 Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant, Lawrence Matthews, Jr., was tried by jury and convicted under a bill of information that charged him with armed robbery, a violation of LSA-R.S. 14:64. Pursuant to LSA-R.S.15:529.1, he was sentenced to serve 50 years at hard labor.
The defendant now appeals his conviction and sentence. In doing so, he has perfected ten bills of exceptions. Six of these, however, were neither briefed nor argued and accordingly have been abandoned.[1] Bills of Exceptions Nos. 2, 3, 6, and 9 remain for consideration.

BILLS OF EXCEPTIONS NOS. 2, 3, and 6
The victim in this armed-robbery case, Glenn Fields, was one of four young men who, on the afternoon of February 3, 1971, left Carver High School. The four had walked about a block from the school when two men (later identified as Lawrence Matthews, Jr., the defendant, and Dennis Sears) stopped them and demanded their coats. When the boys hesitated, Sears pulled a pistol. One of the four, Glenn Williams, was shot and killed as he attempted to flee. Fields then surrendered his leather jacket to the defendant.
Bill of Exceptions No. 2 was reserved when, in the armed-robbery trial of Matthews, the District Attorney, in his opening statement, referred to the shooting of Williams. Bills 3 and 6 were reserved when photographs of the scene which show the body of Glenn Williams were allowed in evidence over objection by the defendant.
The record is clear that the robbery of Fields and the shooting of Williams were part of a single, continuous transaction, integrated in both space and time. For all practical purposes, it would have been impossible to segregate a part of the transaction without destroying the continuity and coherence of the evidence. Under these circumstances, both testimony and photographs proving the entire transaction were admissible. LSA-R.S.15:448; State v. Leichman, La., 286 So.2d 649 (1973); State v. Jefferson, La., 284 So.2d 882 (1973); State v. Frazier, La., 283 So.2d 261 (1973); State v. Sears, 220 La. 103, 55 So.2d 881 (1951).
In State v. Leichman, supra, a recent murder prosecution, evidence of a second homicide committed during the same criminal incident was admitted at the trial. In affirming the conviction, we held:
"[T]he commission of the murder was an immediate concomitant of the offense with which the defendant is charged and, in conjunction with it, formed one continuous transaction; it is thus admissible as constituting part of the res gestae. Under the circumstances, its relevance outweighed its prejudicial effect. La.R. S. 15:447, 15:448; State v. Jefferson, 284 So.2d 882 (La.Sup.Ct., October 29 1973)."
In State v. Jefferson, supra, this Court held:
"The defendant was charged with and tried for robbing Ledesma. At the same time as Ledesma was robbed, a bystander named Mader was robbed. The bills were perfected as to reference to this other crime. However, the other crime's circumstance was an immediate concomitant of the offense with which the defendant is charged and formed, in conjunction with it, one continuous transaction. It is thus admissible as constituting part of the res gestae. La.R.S. 15:447, 15:448; State v. Whitsell, 262 La. 165, 262 So.2d 509 (1972)."
These bills are without merit.

*228 BILL OF EXCEPTIONS NO. 9
Matthews, himself, against the advice of his attorney, insisted on calling Dennis Sears, the alleged accomplice, as a witness. Defense counsel then put a series of questions to Sears, none of which were answered. Instead, each was met with the assertion of the Fifth Amendment privilege against self-incrimination.
The State then cross-examined Sears by asking a series of similar questions. Again, in response to each question, Sears asserted the privilege against self-incrimination. The defense objected and reserved this bill of exceptions, urging that the State should not have been permitted to ask further questions when it became clear that the witness would continue to assert the privilege.
The record reflects, however, that the questions posed by the State were within areas which had been raised by defense questions. The record also reflects that it was the defense who put Sears on the stand and initiated this series of responses. Under these circumstances, there is neither error nor prejudice in the trial court's ruling.
Douglas v. Alabama, 380 U.S. 415, 85 S. Ct. 1074, 13 L.Ed.2d 934 (1965), relied upon by the defendant, is inapplicable to the instant proceeding. In Douglas v. Alabama, supra, the defendant's accomplice was called as a witness by the prosecution. He gave his name and address, but then invoked the privilege against self-incrimination and refused to answer any questions concerning the crime. Thereupon, the accomplice was declared to be a hostile witness and the prosecutor was permitted to read his confession to the jury. The conviction was reversed by the United States Supreme Court on the ground that defendant's right to confrontation under the Sixth Amendment had been violated because of his inability to cross-examine his accomplice. No such constitutional right is at issue here.
Bill of Exceptions No. 9 has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).