TATE, Justice.
The defendant was convicted of the sale and distribution of heroin and sentenced to thirty years at hard labor. He perfected six bills of exceptions for his appeal.
1.
The contention most seriously urged (by Bills Nos. 1 and 11) is that the bill of information is so vague and indefinite that it does not meet the constitutional and statutory test of informing the accused of “the nature and cause” of the charge against him. La.Const. Art. 1, Section 9 (1921); La.C.Cr.P. art. 464.
The offense charged occurred on May 10, 1972. At that time the offense charged, the sale and distribution of heroin, was proscribed by La.R.S. 40:971, as enacted by Act 59 of 1971, which amended and re-enacted our state drug control act. The bill of information then filed so charged the present defendant, jointly with two other accused.
However, on September 4, 1973, a motion to sever the charges against the three defendants was sustained. Accordingly, on that date, separate bills of information were filed against the three accused, as required by La.C.Cr.P. art. 705.[1] By the 1973 date of the filing of the (new) separate information charging the defendant, Act 634 of 1972 had once again amended and re-enacted the state drug control law, so that the offense of selling or distributing heroin was now punished by a section re-numbered as La.R.S. 40:966.[2] Act 207 of 1973 once again amended and re-enacted the drug control act so as to provide yet different penalties.
The 1973 bill against the defendant reads as follows:
“Ralph O. Bryant, late of the Parish of Bossier, on or about the 19th day of May in the year of our Lord One Thousand Nine Hundred and Seventy-two (72) in the Parish, State and District aforesaid, did then and there, in the peace of God and the State, then and there being, did knowingly violate the /provisions of LRS 40:971 (as amended to LRS 40:966) in that he did intentionally sell and distribute a narcotic drug, namely heroin (a schedule I controlled dangerous substance) to O. D. Lewis, Jr.” (Italics ours.)
The defendant argues that this amended bill of information was confusing, did not adequately inform of the offense with *261 which charged, and did not inform him of the penalty to which he was subjected by the charge. This argument is entirely based upon the reference in the information that the acused violated “LRS 40:971 (as amended to LRS 49:966)”. He argues that the defendant, as thus charged in 1973, could not know whether he was alleged to have violated and to be subject to the penalties of La.R.S. 40:966 or 40:971, nor whether the statutory provisions so referred to were those as differently provided by the 1971, 1972, or 1973 acts.
However, the bill of information charges the defendant with a specific factual offense: The sale and distribution of heroin on May 10, 1972. Under well-settled principles of law, and in accordance with the legislative provision in the amending statute (see Footnote 2), the punishment for that offense was provided by La.R.S. 40:971 of the 1971 statute, the enactment in force at the time of the offense.
In the context of this prosecution and of the statutory history, the further parenthetical reference — “(as amended to LRS 40:966)” — was obviously the subsequent statutory designations of the 1972 offense charged by the 1972 and 1973 statutes in force at the time of the filing of the amended information. The reference was apparently intended to clarify and make certain the statutory designation of the crime charged.
In context, the statutory designation was not misleading, nor (in our opinion) did it make the amended information uncertain or vague. Further, even an erroneous citation of the statute, in the absence of prejudice, is not ground for reversal, La. C.Cr.P. art. 464 (see Footnote 3 below), since the information adequately meets the constitutional test of charging the defendant with a specific factual offense in compliance with the statutory requirement of La.C.Cr.P. art. 464: “The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.” [3]
2.
The other bills do not require extended comment:
Bill No. 1: Under our present state jurisprudence the defendant, a male, cannot complain of the alleged effective exclusion of women from the jury. State v. Gray, 291 So.2d 390 (La.1974).
Bill No. 2: The further interrogation by the trial court indicated that the objected-to juror, despite initial uncertainty, understood and would apply the law. State v. Witherspoon, 292 So.2d 499 (La.1974).
Bill No. 5: The opinion elicited of the expert on an innocuous matter of common knowledge does not present reversible error.
Bills Nos. 6 and 7: The photographs of the area, identified by the police-pho'tographer who took them as accurate representations of what was depicted, did not need to be further verified by testimony of the developer before being admitted into evidence. State v. Jefferson, 284 So.2d 882 (La.1973).

Decree

For the reasons assigned, the conviction and sentence are affirmed.
Affirmed.
BARHAM, J., concurs. I am of the opinion that female exclusion from juries is unconstitutional.

. The code article provided that the new separate indictments replacing the original joint indictment “shall be considered as filed on the date of the filing of the original indictment.”

. However, the penalties applicable upon conviction were changed. Nevertheless, prosecutions pending for violation of enactments previously in force were specifically not affected. See La.R.S. 40:993 (1972). Under the 1972 act, La.R.S. 40:971 defined and provided penalties for other violations of the act.

. La.C.Cr.P. art. 464 in full provides: “The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not he ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.”