TATE, Justice.
The defendant was convicted of distribution of marijuana, La.R.S. 40:966A(1), and sentenced to nine years at hard labor. He assigns three alleged errors as the basis for his appeal.
The context facts show:
The bill of information charges that the offense occurred on or about July 17, 1974. The evidence shows that a 19-year-old undercover agent, paid five hundred dollars a month by the city police department to attend trade school and to find drug-violators, purchased for ten dollars from the defendant Senegal an ounce of green plant material in a plastic bag.
Soon afterwards, this bag was given to a state trooper, who sealed it in an envelope and marked it. The sealed envelope was brought by him to the state laboratory, ini-tialled and subsequently analyzed and found to be marijuana.

Assignments

1. The first assignment of error is that the prosecution failed to establish a chain of possession sufficient to link the defendant with the marijuana analyzed at the laboratory. This assignment is primarily based upon the alleged failure of the prosecution to have the undercover agent and the state policeman identify at the trial the plastic bag containing the substance found to be marijuana.
However, the evidence, if accepted by the jury, reasonably shows by an unbroken chain of evidence that the plastic bag con *282 taining the substance had been received from the defendant and was contained within the sealed envelope delivered to the state laboratory, where the substance was analyzed. The requisite connexity between the defendant and the substance identified as marijuana is sufficiently shown. State v. Franks, 284 So.2d 584 (La.1973).
2. The second assignment of error is that the trial court should have sustained a motion for directed verdict. La.C.Cr.P. art. 778. This is chiefly based on the circumstance that the undercover agent and a city policeman identified the date of the offense as on two different days in August, not on the July date charged.
Nevertheless, the testimony proves that the substance purchased by the agent from the defendant was the same as that substance delivered to the crime laboratory on July 18 (the day following the purchase) and analyzed as marijuana. Since the date is not essential to the defense, any variance between the date charged and the date(s) shown by the evidence is immaterial, in the absence of prejudice. State v. Franklin, 263 La. 344, 268 So.2d 249 (1972).
The undercover agent’s probable mistake as to date was a matter of argument as to his credibility. However, there was some evidence of the offense charged, even though there was a conflict in it. The motion for a directed verdict was properly denied; such motion should not be sustained unless there is a total lack of evidence to prove the crime or an essential element thereof. State v. Douglas, 278 So.2d 485 (La.1973).
3. The third assignment of error is that the trial court should have granted a mistrial, after objection was made to some remarks in the closing argument of the district attorney. The remarks include two sentences in the introductory portion of the argument. The first referred to the type of crime charged “a cold calculated intentional type of crime, this business of pushing dope, pushing marijuana”. The second explained the use of undercover agents in narcotics offenses, on the ground that otherwise violators would not deal with police officers.
In context, the remarks form a small introductory part of a dispassionate and factual statement to the jury by the prosecutor. They do not, as suggested, refer to another crime committed by the defendant such as requires a mistrial under La.C.Cr. P. art 770. We find no error in the denial of a mistrial.

Decree

The conviction and sentence are affirmed.
Affirmed.
BARHAM, J., concurs.