738 So.2d 668 (1999)
STATE of Louisiana
v.
Sam GRAY.
No. 99-KA-47.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, Louisiana, for defendant-appellant.
John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, LaPlace, Louisiana, for plaintiff-appellee.
*669 Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr., and EDWARD A. DUFRESNE, Jr.
GRISBAUM, Judge.
In this criminal appeal, the defendant-appellant, Sam Gray, appeals his conviction of possession of cocaine, La. R.S. 40:967(C). We affirm the conviction and sentence and remand with instructions.

ASSIGNMENT OF ERROR
The defendant-appellant assigns as error the following, to-wit: "The [t]rial [c]ourt erred by failing to suppress physical evidence gathered as the result of an illegal seizure." Defendant-appellant's original brief at p. 2.

FACTS AND PROCEDURAL HISTORY
On February 4, 1997, Sergeant Richard Dubos of the LaPlace Sheriff's Office was on patrol in Reserve, Louisiana. At approximately 1:06 a.m., while on East 13th Street, the officer observed five young males standing by a parked car with illuminated lights. The officer drove to the end of the street, turned around, and drove back toward the parked car to investigate because he thought one of the subjects was a juvenile who was in violation of the curfew ordinance. As the officer approached, one of the individuals fled into an apartment, but the others remained standing by the parked car.
Sergeant Dubos asked the remaining four individuals to approach the police vehicle and to remove their hands from their pockets. According to the officer, the defendant refused to comply by not approaching the police vehicle and keeping hands in his pockets, even though the officer repeatedly asked him to remove them. The defendant had to be personally escorted to the police vehicle. Sergeant Dubos then asked the four individuals to produce identification and to place their hands on the police vehicle so that he could conduct a weapons search. Again, the defendant would not put his hands on the vehicle and put his hands back in his pocket. The officer tried to pull defendant's hands out of his pockets, but the defendant tried to put his hands back into his pockets. Sergeant Dubos testified that defendant's refusal to remove his hands caused the officer to fear that the defendant was carrying a weapon. Therefore, for his own personal safety, Sergeant Dubos placed the defendant in handcuffs. The officer also requested that a backup unit come to the scene.
While conducting a weapons frisk on the defendant, Sergeant Dubos observed a large clear plastic bag sticking out of the defendant's left front pants pocket. Sergeant Dubos asked the defendant about the contents in his pocket, but the defendant refused to answer. At this time, another police unit arrived at the scene, and the officers continued the weapons frisk and the identification collection.
Sergeant Dubos again asked the defendant about the contents of the bag, and the defendant refused to answer. The officer then pulled the plastic bag out of the defendant's pocket and observed that it contained 13 smaller clear plastic bags containing a green vegetable matter, which he considered to be marijuana. Sergeant Dubos advised the defendant of his rights and placed the defendant under arrest. Following the arrest, the officer then checked the inside of the defendant's pockets. The officer found a small white plastic bottle in defendant's right front pants pocket containing four white rock-like substances. A field test was performed, and the substances tested positive for cocaine.
On March 21, 1997, the defendant was charged with one count of possession of cocaine with the intent to distribute, La. R.S. 40:967(A)(1), and with one count of possession of marijuana with the intent to distribute, La. R.S. 40:966(A)(1). Defendant was arraigned and pled not guilty on April 7, 1997. After a preliminary examination on July 16, 1997, the trial court determined that the police officer had probable cause to arrest the defendant. *670 On July 29, 1997, the defendant filed a motion to suppress the physical evidence, which was set for March 11, 1998 but held open until April 15, 1998. On April 15, 1998, the motion to suppress was submitted on the testimony given during the hearing on the preliminary examination. On September 29, 1998, the trial court denied the motion to suppress the physical evidence.
On December 8, 1998, the defendant withdrew his original plea of not guilty and entered a plea of guilty to an amended charge of possession of cocaine, La. R.S. 40:967(C). Defendant was properly advised of his constitutional rights and signed a form entitled "Waiver of Constitutional Rights and Plea of Guilty." The defendant reserved his right to appeal the denial of the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
After accepting the defendant's guilty plea, the trial court sentenced the defendant to serve four years of imprisonment at hard labor but suspended the sentence on the condition that the defendant would serve three years on active probation. The trial court also ordered the defendant to pay a $500 fine, to pay court costs totaling $198.50, to reimburse the Indigent Defender Board $250, to serve 30 eight-hour days of community service, to submit to random drug testing, and to pay $20 per month in supervision.

LAW AND ANALYSIS
The defendant-appellant argues that the trial court erred by failing to suppress the physical evidence gathered because an illegal seizure occurred. Specifically, he claims that he was illegally "seized" when he was ordered to go to the police unit and handcuffs were placed on his wrists.
The Fourth Amendment to the United States Constitution and La. Const. art. I, § 5 prohibit unreasonable searches and seizures. However, it is well settled in our statutory law and jurisprudence that law enforcement officers have the right to stop and interrogate one reasonably suspected of criminal conduct. La.Code Crim. P. art. 215.1. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Chopin, 372 So.2d 1222 (La.1979); State v. Short, 95-742 (La.App. 5th Cir. 1/30/96), 668 So.2d 1240; State v. Barnes, 592 So.2d 1352 (La.App. 5th Cir.1991).
A seizure occurs when a person's freedom to walk away has been restrained by a police officer; however, a seizure does not happen simply because a police officer approaches an individual and asks a few questions. State v. Owens, 26,952 (La. App.2d Cir.5/10/95), 655 So.2d 603. "So long as a reasonable person would feel free to disregard the officer and go about his business, the encounter is consensual and a seizure has not occurred." Id. at 606 (citing Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)). We agree that, in this instance, a seizure occurred because the defendant was personally escorted by Sergeant Dubos to the police vehicle and subsequently handcuffed. A reasonable person would not feel free to disregard the officer under this circumstance and go about his business. However, we must determine whether the type of seizure involved is either an investigatory stop, an "actual stop" which is imminent,[1] or an arrest, because the justification for the seizures differs depending on the kind of seizure involved.
Here, Sergeant Dubos testified that he was alone on patrol late at night when he observed a group of five males standing by a parked vehicle. The officer testified that he stopped his vehicle to question the males about their ages and curfew violations because he believed that one of the males was a juvenile. As the officer approached the parked vehicle, one of the males immediately ran into an adjacent apartment. The officer immediately *671 ordered the remaining four males to approach his vehicle, to take their hands out of their pockets, and to produce identification. However, the defendant-appellant refused to take his hands out of his pockets and stayed away from the police vehicle. Therefore, Sergeant Dubos had to personally escort him to the police vehicle and continually ask him to remove his hands from his pockets.
We conclude that the officer's ordering of the defendant-appellant to go to the police unit and the personal escort to the vehicle was an investigatory stop. Therefore, we must determine whether there was reasonable suspicion to believe that the person is committing, has committed, or is about to commit a crime. Terry, supra; State v. Keller, 403 So.2d 693 (La. 1981); State v. Duran, 96-602 (La.App. 5th Cir. 3/25/97), 693 So.2d 2, application dismissed, 97-1485 (La.1/9/98), 705 So.2d 1087. Reasonable suspicion for an investigatory stop is something less than probable cause. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984) and State v. Barnes, supra. Reasonable suspicion must be determined under the facts of each case after considering the totality of the circumstances and analyzing whether the officer had sufficient knowledge of articulable facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Miskel, 95-584 (La.App. 5th Cir. 1/30/96), 668 So.2d 1299. Considering the totality of the circumstance, specifically where this defendant-appellant became nervous, would not take his hands out of his pockets, or would not approach the police vehicle, we find Sergeant Dubos had the requisite reasonable suspicion to justify this investigatory stop.
Although there is some question as to whether the handcuffing of the defendant-appellant rose to the level of an arrest, we determine that Sergeant Dubos was in a threatening situation. Considering that this defendant-appellant continually refused to remove his hands from his pockets and that Sergeant Dubos was alone with the four males, a reasonably prudent person would be warranted in believing that his safety was in danger. Sergeant Dubos testified that the defendant-appellant's refusal to remove his hands caused the officer to fear that he was carrying a weapon. The defendant-appellant was handcuffed only after the officer tried to pull the defendant-appellant's hands out of his pockets but the defendant-appellant tried to put his hands back into his pockets. The defendant-appellant was placed in handcuffs for the sole purpose of making a limited weapons frisk. Sergeant Dubos was justified in conducting a limited search of the defendant-appellant for weapons as provided by La.Code of Crim. P. art. 215.1(B), which states:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
We have previously noted that an arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Simmons, 95-309 (La.App. 5th Cir. 10/18/95), 663 So.2d 790. In Simmons, we found that an arrest had occurred where the officers stopped the defendant's car, ordered the defendant out of his car, and commanded him to step to the rear of the car and to place his hands on the car. However, in Simmons, the defendant was a known narcotics violator, was under surveillance, and was actively being pursued by detectives before he was stopped.
Here, we consider the handcuffing of the defendant-appellant only to be an extension of the investigatory stop and not an arrest. The defendant-appellant was not *672 under surveillance or being pursued by the officer at the time of the stop, as in Simmons, supra. Furthermore, following the analysis in Simmons, the circumstances here do not indicate that Sergeant Dubos "intended to effect an extended restraint" of the defendant's liberty when he placed the defendant in handcuffs. Rather, under the circumstances known to Sergeant Dubos at that time and considering the behavior exhibited by the defendant-appellant, the officer was reasonable in restraining him to search for a weapon. See also State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970); State v. Owens, supra.
Because we find that Sergeant Dubos' encounter with the defendant-appellant was a lawful investigatory stop, and not an illegal seizure, as defendant-appellant claims, we conclude that the physical evidence was properly retrieved. Accordingly, we find that the trial court correctly denied defendant-appellant's motion to suppress the physical evidence.
We have also reviewed the record for errors patent in accordance with La.Code Crim. P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals that the defendant-appellant was not properly advised of the three-year time limit for filing an application for post conviction relief as required by La.Code Crim. P. art. 930.8. The trial court should have specifically advised the defendant-appellant that he had three years after the judgment of conviction and sentence has become final and not merely advised the defendant that "there is a three year prescriptive period to file for post conviction relief...."
Ergo, we remand the matter to the district court and order it to send appropriate written notice to the defendant-appellant within ten days of the rendition of this Court's opinion. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
For the reasons assigned, the defendant-appellant's conviction and sentence are hereby affirmed. Furthermore, we remand the matter, as per the instructions contained herein.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The test for determining whether an "actual stop" is "imminent" is found in State v. Tucker, 626 So.2d 707 (La.1993), opinion reinstated on reh'g, 626 So.2d 720 (La.1993).