Dear Chief Trabona:
This office is in receipt of your opinion request regarding the legality of detaining a suspect who is not under arrest by handcuffing and placing the suspect in the police cruiser for officer safety. As best we understand, your inquiry is whether an officer may detain, handcuff and place a suspect in the police cruiser without those actions constituting an arrest.
Usually, such actions by an officer would be considered an arrest; however, the law has declared such a detention valid during an investigative stop for the important governmental interest of officer safety. This declaration has sparked much criticism and debate due to the fact that police officers are allowed to detain and restrain suspects whom they do not have sufficient information to justify an arrest. Therefore, this exception is allowed, but only under very limited circumstances.
Generally, an arrest is a seizure of the person under the Fourth
Amendment of the United States Constitution, as well as under Louisiana Constitution article I, § 5. Moreover, both of these constitutional provisions regulate and prohibit unreasonable searches and seizures (i.e. arrests). Specifically, in Louisiana, an arrest is statutorily defined as "the taking of one person into custody by another," whereby an "actual restraint" must occur. This may be imposed by force or "result from the submission of the person arrested to the custody of the one arresting him."[1] The Louisiana Supreme Court, however, has declared that an arrest does not occur just because the person detained believes he has been arrested. Likewise, the failure of an officer to announce "you are
under arrest" does not negate an arrest if one in fact has occurred.[2]
One important factor courts have considered in determining whether an arrest has occurred is the length of the detention. Indeed, the length of the detention must *Page 2 
remain reasonably brief under the circumstances in order to claim that a suspect has not been placed under arrest. In assessing whether a detention is too long, the test is whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the suspect.[3]
Essentially, it has been considered reasonable (and thus allowed), based on varying circumstances, for an officer to handcuff a person and place him/her in a police car without actually arresting that person. The U.S. Supreme Court has interpreted the law to allow such conduct by an officer during an investigative detention ("Terry stop"),[4] where a reasonably prudent person would be warranted in believing that his safety was in danger.[5] The U.S. Supreme Court has also noted that inherent in the right of the police to conduct a brief investigatory detention is also the right to use reasonable force to effectuate the detention.[6] Furthermore, the Court has held that police officers are "authorized to take such steps as are reasonably necessary to protect their personal safety and to maintain the status quo during the course of [a Terry] stop."[7]
Therefore, it is the opinion of this office that the legality of your inquiry rests in an officer safety exception to the Fourth Amendment, whereby the use of handcuffs or other actions which resemble an arrest must appear objectively reasonable in light of the facts and circumstances confronting the officer who fears his safety is in jeopardy. In other words, there must be sufficient justification for the added intrusion to justify its necessity.
We hope this opinion thoroughly answers your inquiry. If there are any further questions regarding this matter, please do not hesitate to contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By:__________________________
 TERRI LACY
 ASSISTANT ATTORNEY GENERAL
[1] La.C.Cr.P. art. 201; California v. Hodari D., 499 U.S. 621,111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).
[2] State v. Kenner, 384 So.2d 413 (La. 1980).
[3] United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568,84 L.Ed. 2d 605 (1985).
[4] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1869, 20 L. Ed.2d 889 (1968), whereby the Court approved the "stop-and-frisk," which may be defined as an on-the-spot forced detention of a citizen by a police officer when the officer does not have sufficient information to justify an arrest.
[5] See State v. Gray, 99-47 (La.App. 5 Cir. 6/11/99), 738 So.2d 668,671, where such action was justified when officer was in a threatening situation (i.e. alone with four males who refused to cooperate); see also State v. Adams, 01-3231 (La. 1/14/03), 836 So.2d 9.
[6] Muehler v. Mena, 544, U.S. 93, 125 S.Ct. 1465, 1471, 161 L.Ed2d 299
(2005).
[7] United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 683-84,83 L.Ed.2d 604 (1985).