268 So.2d 249

**STATE of Louisiana**

v.

**Gary Don FRANKLIN.**

**No. 51821.**

Oct. 26, 1972.

Benjamin E. Smith, William F. Wessel, New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

TATE, Justice.

The defendant Franklin was convicted of murder, La.R.S. 14:30, and sentenced to death. In his appeal to this court, he primarily relies upon an assignment of error that the death penalty is unconstitutional.

### The Death Penalty

After this appeal was taken, the United States Supreme Court decided Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and related cases. Under these decisions, concerning statutes like Louisiana's (La.R.S. 14:30 and La.C.Cr.P. Art. 817), where the jury has the discretion to impose the death instead of a lesser penalty for a crime, our nation's highest court held: "* * * that the imposition and carrying out of the death penalty in these cases constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The judgment in each case is therefore reversed insofar as it leaves undisturbed the death sentence imposed, and the cases are remanded for further proceedings." 408 U.S. 239, 92 S.Ct. 2727.

In accordance with Furman, therefore, the imposition of the death penalty herein must be reversed, even though we may affirm the conviction.

With regard to the capital penalty, we regard the present situation to be analogous to that resulting from the decisions

of the United States Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and related cases. In them, the high court invalidated death penalties because of the exclusion of prospective jurors who had only general conscientious scruples against the infliction of capital punishment. In such instances, although the death penalty was invalidated, the state convictions for which the penalty was imposed were allowed to stand.

In Louisiana, where a death penalty was imposed by a jury selected in violation of *Witherspoon,* this court has affirmed the conviction but has remanded the case to the trial court, with instructions to the judge to sentence the defendant to life imprisonment. State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971); State v. Duplessis, 260 La. 644, 257 So.2d 135 (1971). Accordingly, we will afford similar disposition to cases such as the present, in which the death penalty has been imposed in violation of *Furman,* if we affirm the conviction.[1]

*Other Assignments of Error*

The remaining assignments of error are without merit:

1.

After the State rested its case the defense counsel made an oral motion praying, inter alia, to suppress evidence based upon the alleged lack of probable cause for an arrest made by a state's witness. Bill of Exceptions No. 25. The basis for this motion is the alleged failure of the arresting police officer to testify as to the antecedent circumstances which furnished probable cause for the arrest. The defendant thus contends that all objects seized as a result of the allegedly illegal arrest should be suppressed.

■ La.C.Cr.P. Art. 703 provides that a defendant aggrieved by an unconstitutional search and seizure must file a motion to suppress same at least three days before the trial on the merits, unless the court in its discretion allows a later filing. In the absence of any allegation of prior inopportunity to do so, a failure to move before the trial for suppression of physical evidence, allegedly obtained unconstitutionally, ordinarily waives the right to object to the introduction of same at the trial. State v. Wallace, 254 La. 477, 224 So.2d 461 (1969); State v. Davidson, 248 La. 161, 177 So.2d 273 (1965). See also State v. Royal, 255 La. 617, 232 So.2d 292 (1970).

In the present case, no attack was made upon the legality of the defendant's arrest before trial or during the presentation of the State's case. The only objection made to the introduction of the physical evidence

---

1. Equivalent relief is available by way of post-conviction proceedings in any cases in which the conviction is final, but in which a death penalty has been imposed by our state courts. La.C.Cr.P. Arts. 362, 882.

was based upon the lack of proof of a chain of custody, which the trial court correctly overruled (and which basis for the ruling is not contested on appeal). Since the legality of the arrest and the search and seizure incident thereto were not questioned, the State simply proved the arrest, without objection, as evidence that the physical objects were taken from the defendant's person which connected him with the earlier murder.

■■ An arrest is presumed to be lawful, in the absence of evidence to the contrary. La.R.S. 15:432 (presumption that public officers have done their duty).; State v. Green, 244 La. 80, 150 So.2d 571 (1963). See also State v. Simien, 248 La. 323, 178 So.2d 266 (1965). In the absence of contest as to the lawfulness of the arrest, the State was thus under no obligation to introduce irrelevant and thus possibly prejudicial [2] evidence, as to the circumstances thereof.

■ We find no error in the trial court's denial of this belated motion to suppress, made at the close of the State's case and after the evidence seized incident to the arrest had already been introduced.

### 2.

The defendant also attacks the admission of the confessions of the defendant into evidence. The only two confessions introduced at the trial on the merits were those made to Sergeant Webb early on the morning of January 16th and to Captain Polito at 9:00 to 10:55 P.M. that evening. We find no error in the trial court's acceptance of the testimony of the police officers that the confessions were freely and voluntarily made, and only after full explanation of defendant's *Miranda* rights.

On appeal, the defendant contends that he had been subject to severe psychological pressure, chiefly in that he was allegedly talked into seeing a Baptist minister, after which he confessed to several murders in Alaska and California. These confessions were not introduced at the trial on the merits. The defendant did not counsel with the minister until two days after the voluntary January 16th confessions above referred to. We thus need not discuss the facts and the trial court's "Per Curiam" indicating to be unfounded the defendant's contention that the minister's religious counselling was misused.

### 3.

At the close of the State's case, the defendant moved for a directed verdict of acquittal on the ground that the indictment charged a murder of January 14, 1970, whereas the coroner's inquest shows the decedent died on January 15th. The de-

---

2. When the defendant took the stand, his own testimony indicated that he was arrested as he was leaving the area where

he had attempted a bank robbery shortly before.

fendant notes that the State had never amended the indictment.

 The trial court correctly denied the motion for a directed verdict, noting that this procedural device is unavailable in a Louisiana criminal trial before a jury. State v. Williams, 258 La. 801, 248 So.2d 295 (1971); State v. Hudson, 253 La. 992, 221 So.2d 484 (1969). Even had objection been timely and properly raised to the variance, such variance did not vitiate the indictment or bar the proof of the correct date.[3]

### 4.

 The trial court's refusal to allow defense counsel permission to look at the interrogating police officer's notes, absent a showing that such report indicated that the statements therein were contrary to the sworn testimony of the officer, is in accord with this court's jurisprudence. State v. Barnes, 257 La. 1017, 245 So.2d 159 (1971); State v. Martin, 250 La. 705, 198 So.2d 897 (1967). The somewhat contrary ruling in Jencks v. U. S., 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), applies only to federal prosecutions. State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).

---

3. Time is not of the essence in the crime of murder, so even an objection to proof of death at another time would have been properly overruled if made (it was not), in the absence of prejudice to the defendant by reason of the variance. State v. Augusta, 199 La. 896, 7 So.2d 177 (1942); State v. Barnhart, 143 La. 596, 78 So.

### 5.

 Finally, the defense objects to the refusal of the trial court to accept its request for special instructions concerning intent, felony/murder, and self-defense. Having considered the comprehensive general charge given by the trial court, we agree with the trial court's "Per Curiam" that all of these issues were competently covered by it. The trial court correctly refused Special Charge No. 2, as not wholly pertinent under the evidence. Therefore, we find no error in the trial court's refusal to give these special charges. La. C.Cr.P. Art. 807.

### Decree.

Accordingly, for the reasons assigned, the conviction of the defendant is affirmed, but the death sentence imposed upon him is annulled and set aside, and the case is remanded to the Criminal District Court, Parish of Orleans, Section "H", with instructions to the trial judge to sentence the defendant to life imprisonment.

Affirmed in part, remanded in part.

SUMMERS, J., dissents.

975 (1918). When the date is not essential to the offense, the indictment is not insufficient when it states the incorrect date, although amendment to conform to the proof may be permitted if objection is made. La.C.Cr.P. Art. 468 and Official Revision Comment (c) thereof; see also State v. Barnhart, cited above.