116

Vargas, Appellant, v. Metzger, Sheriff, Appellee.

[Cite as Vargas v. Metzger (1973), 35 Ohio St. 2d 116.]

(No. 73-75—Decided July 3, 1973.)

*Mr. Jeffrey I. Goldstein* and *Mr. Peter J. Wagner*, for appellant.

*Mr. Harry Friberg*, prosecuting attorney, and *Mr. Charles J. Doneghy*, for appellee.

*Per Curiam* The reasoning upon which appellant's claim of illegal confinement is based begins with the conclusion that the effect of *Furman* v. *Georgia* (1972), 408 U. S. 238, renders void Ohio's first degree murder statute, R. C. 2901.01[2], in its entirety.

Although *Furman* is difficult to interpret, since in that decision nine justices wrote variously in concurrence and dissent, with five concurring in the additional brief *per curiam*, the net result is that when one is on trial for his life, and discretion rests in the trier of facts as to whether the defendant is to be executed or granted life imprisonment, the imposition and carrying out of the death penalty violates the ban on cruel and unusual punishment imposed by Eighth Amendment to the United States Constitution, the latter being applicable to the states through the Fourteenth Amendment.

Appellant asserts that, because R. C. 2901.01 was "voided" by *Furman* v. *Georgia, supra*, the indictment is also void, and that he is presently illegally confined under a void indictment. Appellant maintains further that for the doctrine of lesser included offenses to apply, which in Ohio is found in R. C. 2945.74, there must be a superior crime existent, before any judge or jury may legally convict.

---

[2]R. C. 2901.01:

"No person shall purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery, or burglary, kill another.

"Whoever violates this section is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommends mercy, in which case the punishment shall be imprisonment for life.

"Murder in the first degree is a capital crime under Sections 9 and 10 of Article 1, Ohio Constitution."

There is no dispute in Ohio that, under R. C. 2945.74, a person charged with first degree murder may be convicted of second degree murder, a lesser included offense, if the evidence so warrants (*Lamos* v. *Sacks* [1961], 172 Ohio St. 295; *Bandy* v. *State* [1921], 102 Ohio St. 384), the theory being "that most crimes are combinations, in a single transaction, of less serious acts, each of which is itself a completed crime." 56 Columbia L. Rev. 888.

To effect appellant's release would require us to invalidate R. C. 2901.01 *in toto*. We disagree with the appellant's analysis. We believe that *Furman*, and its companion case, *Moore* v. *Illinois* (1972), 408 U. S. 786, posit contrary to appellant's assertion.

*Furman* was characterized throughout as a decision dealing with the imposition of death as a penalty when defendants are charged under statutes akin to R. C. 2901.-01. In *State* v. *Leigh* (1972), 31 Ohio St. 2d 97, we dutifully followed *Furman* when we ordered a sentence reduction from death to life imprisonment.

But our holding in *Leigh* in no way intimated that R. C. 2901.01 represented a nullity. *Leigh* held only that a specified penalty provision in the statute might not be imposed.

*Furman* effectually enjoined us from enforcement of the death penalty under our statute, R. C. 2901.01. It did nothing more.

In *Furman*, the court noted, at page 240, that, "the judgment in each case is therefore reversed insofar as it leaves undisturbed the death sentence imposed * * *." This was then followed in *Moore*, at page 800, where the court concluded (in following *Witherspoon* v. *Illinois* [1968], 391 U. S. 510) that the *conviction* in the case was not rendered invalid, but that the death sentence had to be altered.[a]

*Furman* compels us to modify death sentences impos-

---

[a]*Moore* v. *Illinois*, 408 U. S. 786, at page 800: "In *Witherspoon* * * * the court stated specifically 'Nor, finally, does today's holding render invalid the *conviction*, as opposed to the *sentence*, in this or any other case' * * *. The sentence of death, however, may not now be imposed."

ed under R. C. 2901.01, by reducing them to life imprisonment, and not to set aside first degree murder convictions, or to invalidate the indictment.

Since *Furman,* state supreme courts in other jurisdictions have similarly concluded. See *State* v. *Martineau* (1972), 293 A. 2d 766, where the Supreme Court of New Hampshire stated, at page 767:

"The resulting situation in the cases of defendants * * * is that there is now standing against each of them a verdict of guilty of murder in the first degree but so much of the jury verdicts as required capital punishment and the sentences of death imposed by the trial court is now invalid. This invalidity, however, does not affect in any way the legality of their conviction* * *."

Substantially similar reasoning was likewise used to modify death sentences to life imprisonment in the following state supreme court cases: *Graham* v. *State* (Ark. 1972), 486 S. W. 2d 678, 679-80; *State* v. *Franklin* (1972), 263 La. 344, 347, 268 So. 2d 249; *State* v. *Jones* (1972), 263 La. 1012, 1057, 270 So. 2d 489; *Bartholomey* v. *State* (1972), 267 Md. 175, 297 A. 2d 696, 701; *State* v. *Waddell* (N. C. 1973), 194 S. E. 2d 19, 30; *Commonwealth* v. *Bradley* (1972), 449 Pa. 19, 295 A. 2d 842, 845; *State* v. *Gibson* (S. C. 1972), 192 S. E. 2d 720, 720-21; *State* v. *Bellue* (S. C. 1972), 193 S. E. 2d 121, 124.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.