286 So.2d 358 (1973)
STATE of Louisiana
v.
Harry JOHNSON and Richard Brown.
No. 53853.
Supreme Court of Louisiana.
December 3, 1973.
Philip L. Kitchen, Milton P. Masinter, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendants were tried under an indictment charging them with murder. R.S. 14:30. They were convicted after a trial by jury and received a sentence of death. Defendants appeal relying on five bills of exceptions.
Bill of Exceptions No. 1 was reserved when the trial court overruled an objection to the use of a diagram by the State to illustrate portions of the testimony of a witness. The objection was founded upon the failure of the State to qualify the diagram as accurately depicting the scene, if it was to scale, who drew it, and under what circumstances the information was obtained. The trial judge in his per curiam noted that the blackboard was not introduced into evidence, but merely offered to the witness to assist her in making her *359 testimony comprehensible to the jury, i. e., to show where she observed someone fleeing from the scene of the crime.
The State could have laid a foundation as to the accuracy of the diagram before it was used. 3 Wharton's Criminal Evidence, § 641 (Torcia Ed. 1973). The record does not disclose and the defendants do not contend that any prejudice resulted from the failure to lay a proper foundation. The ruling of the court, if error, was harmless. C.Cr.P. 921.
Bill of Exceptions No. 2 was taken when the prosecution witness, Detective Verdi, was asked whether Ruth Davis had made a statement "as to how the defendant Harry Johnson had acted" in the bar during the robbery. No ground for the objection was stated. Counsel for Richard Brown, who made the objection, did not brief nor argue the exception. Counsel for Harry Johnson did not argue the exception, and his brief merely relates that Bills of Exceptions Nos. 2 and 3 were taken.
Bill of Exceptions No. 3 was reserved immediately after Bill of Exceptions No. 2 was reserved. The witness Verdi, in an answer, stated that he questioned Ruth Davis. When he began to testify that "she told me that the subject ...," counsel for defendant Brown stated "the same objection."
Of course the grounds for an objection should be stated. In addition, since these bills were not mentioned in one brief and were barely mentioned in another, we would be entitled to treat them as having been waived, but have examined them nevertheless and find the ruling of the trial court to be correct.
This prosecution arose from a robbery of a bar, during which a police officer was shot. During the investigation, a statement was taken from Ruth Davis, a barmaid, and one of the many persons present in the bar at the time of the occurrence. While on the stand, without objection from the defense, she was allowed to read a statement she made during the investigation.
The bar had been robbed twice in a two weeks period. On the first occasion a gun was stolen from the bar. Apparently this gun was used in the second robbery. Ruth Davis identified Harry Johnson as one of the participants in the robbery. She was examined and cross-examined about the statement which she had given to the police, and the defense had drawn from her an admission that the statement was "phrased differently than what you told the police."
By the time the first objection was made by the defense to the testimony (that Ruth Davis had given a statement to the police) the entire matter was before the court. Ruth Davis had testified. She had been allowed to read her statement while on the witness stand. She had been cross-examined on the statement. The police officer Verdi had already testified in detail about what Ruth Davis told him.
Although the question asked the officer did call for hearsay, and was properly inadmissible, his answer added nothing to the case and the defendants suffered no prejudice.
These bills are without merit.
Bill of Exceptions No. 4 was reserved to the introduction into evidence of a photograph of the exterior of the building where the offense was committed. The objection is grounded on the allegation that the photograph does not accurately reflect the scene at the time of the shooting since the picture was taken with the aid of strobe lights and does not depict the lighting as it existed at the time of the offense. The photograph was not introduced as being probative of the lighting at the time of the offense. In all other respects the photograph was accurate.
*360 In State v. Barber, La., 271 So.2d 853 (1973), this court said:
"The determination of the proper use of the photographs at trial is largely within the sound discretion of the trial judge who can determine whether they serve a proper place in the jury's enlightenment, and his rulings in this respect will not be disturbed in the absence of an abuse of discretion. State v. Giles, 253 La. 533, 218 So.2d 585 (1969)."
We cannot say the trial court abused its discretion in allowing introduction of the photograph into evidence.
This bill is without merit.
Bill of Exceptions No. 5 was reserved when the trial court denied a motion for a new trial grounded on the alleged failure of the jury to meet the requirements of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). For the reasons assigned in State v. Richmond, La., 278 So.2d 17 (1973), this bill is moot.
For these reasons, the convictions are affirmed, but the death sentences are annulled and set aside (State v. Franklin, 263 La. 344, 268 So.2d 249 (1972)), and the case is remanded to the district court with instructions to sentence the defendants to life imprisonment.