371 So.2d 1164 (1979)
STATE of Louisiana
v.
Alton J. BATISTE.
No. 63865.
Supreme Court of Louisiana.
May 30, 1979.
Allen R. Ingram, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Byron P. Legendre, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant was convicted of aggravated rape, La.R.S. 14:42 (1942), and was sentenced to life imprisonment at hard labor, without benefit of parole, probation, suspension *1165 or commutation of sentence. We have reviewed the assignments of error presented on his behalf, and find them to be without merit.
We find, however, an error patent in the sentence imposed. At the time the offense was committed (1970), death was the statutory penalty for rape. The jury was authorized to return a verdict of either guilty, guilty without capital punishment, guilty of attempted aggravated rape, guilty of simple rape, or not guilty. La.C.Cr.P. art. 814 (1950). The defendant was not tried until 1973, however, after the Supreme Court had declared unconstitutional the procedure by which the death penalty was imposed in Louisiana. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). In the defendant's case the jury returned a verdict of guilty as charged. As the death penalty could not be imposed, the proper sentence is life imprisonment. State v. Quinn, 288 So.2d 605 (La.1974); State v. Franklin, 263 La. 344, 268 So.2d 249 (1972). We note that this will restore to the defendant the possibility of parole, probation, suspension or commutation of sentence.
Accordingly, the defendant's conviction is affirmed, but the sentence is vacated and the case remanded to the trial court for resentencing.