429 So.2d 870 (1983)
STATE of Louisiana
v.
Jerry JOHNSON.
No. 82-KP-2865.
Supreme Court of Louisiana.
April 6, 1983.
*871 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, A. Bruce Netterville, Asst. Dist. Attys., for relator.
Susan Scott Hunt, William J. O'Hara, New Orleans, for respondent.
PER CURIAM.
Defendant Jerry Johnson was charged by grand jury indictment with aggravated rape, in violation of La.R.S. 14:42. At the conclusion of trial on December 14, 1972, the jury returned a qualified verdict of guilty without capital punishment, thereby prompting the trial court's sentencing of defendant to life imprisonment at hard labor. This Court affirmed the conviction and sentence on appeal. State v. Johnson, 322 So.2d 119 (La.1975). Nearly ten years after his conviction, defendant moved the district court to amend his sentence on grounds that the sentences of other defendants convicted of aggravated rape prior to the decision of the United States Supreme Court in Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976) holding unconstitutional Louisiana's then-mandatory death penalty for aggravated rape, had been reduced to a maximum of twenty years' imprisonment at hard labor. See, State v. Roberts, 340 So.2d 263 (La.1976); State v. Selman, 340 So.2d 260 (La.1976); State v. Lee, 340 So.2d 180 (La.1976). The lower court accepted defendant's argument, and reduced his sentence accordingly. We granted writs to review the propriety of that decision.
The offense of which defendant was convicted occurred on September 16, 1972. At the time of the commission of the offense and at the time of trial and conviction, aggravated rape was punishable either by death or by life imprisonment without probation, parole or suspension of sentence. Also at this time, La.C.Cr.P. Art. 817 accorded the option to a jury of qualifying its verdict of guilty in a capital case by adding the words "without capital punishment." In an effort to limit such excessive jury *872 discretion, found objectionable in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the legislature amended both statutes, removing the provision which had previously allowed imposition of a life sentence pursuant to the jury's recommendation. For a complete historical discussion of these amendments, see, State v. Jett, 419 So.2d 844 (La.1982). As a result, defendants thereafter convicted of aggravated rape were automatically sentenced to death.
In 1976, however, Selman v. Louisiana, supra, declared unconstitutional Louisiana's mandatory death penalty for aggravated rape. The sentences of defendants previously convicted under the mandatory penalty scheme were vacated, this Court concluding that the appropriate sentence to be imposed upon a valid conviction for aggravated rape was the most severe constitutional penalty established by the legislature for a lesser included offense at the time was committed. State v. Selman, supra.
Defendant in the present case errs in characterizing his situation as analogous to that of defendants convicted of aggravated rape following the 1973 amendments to La.R.S. 14:42 and La.C.Cr.P. Art. 817. As noted above, the most severe constitutional penalty available for the offense of aggravated rape at the time of defendant's offense was life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. Thus, defendants convicted of aggravated rape and sentenced to death prior to 1973 found their sentences reduced only to life imprisonment. State v. Singleton, 263 La. 267, 268 So.2d 220 (1972); see also, State v. Franklin, 263 La. 344, 268 So.2d 249 (1972).
A similar situation existed following the revision of Louisiana's capital sentencing scheme in the wake of the Selman decision. In State v. Drew, 360 So.2d 500 (La.1978), the defendant was convicted of an aggravated rape committed on October 18, 1976. At the time of conviction, the defendant could have been sentenced to death but, upon unanimous recommendation of the jury, La.C.Cr.P. Art. 905 et seq., he was sentenced to life imprisonment. On appeal to this Court, defendant argued that the nullity of the death penalty provision of La.R.S. 14:42 rendered the entire statute invalid and also invalidated the bifurcated sentencing provisions of La.C.Cr.P. Art. 905 et seq. as applied to aggravated rape cases. We rejected this argument, concluding:
... that the invalidity of the death penalty provision of La.R.S. 14:42 (1975) does not render invalid that entire statute and La.Code Crim.P. arts. 905 et seq., as applied to the instant aggravated rape case. We further find that the proper sentence in the instant case is life imprisonment without benefit of probation, parole, or suspension of sentence, the alternative sentence provided by La.Code Crim.P. art. 905.6. Since the defendant was not sentenced to death, but was in fact sentenced to life imprisonment without benefit of probation, parole or suspension of sentence, no resentencing is necessary. Id., at pp. 507-508. (Emphasis added).
Defendant's further contention that his life sentence is disproportionate to those being served by defendants subsequently convicted of the same offense is likewise without merit. It is well settled that a defendant is to be tried under the statute in effect at the time of the commission of the crime. The mere fact that a statute may be subsequently amended so as to modify or lessen the possible penalty to be imposed does not extinguish liability for the offense committed under a previous valid statutory scheme. State v. Narcisse, 426 So.2d 118 (La.1983); State v. Sawyer, 350 So.2d 611 (La.1977); State v. Paciera, 290 So.2d 681 (La.1974).
The jury in the present case recommended a term of life imprisonment, an entirely legal sentence not invalidated by the Supreme Court's subsequent holding in Selman. State v. Drew, supra. The reduction of this executory sentence by the trial court to twenty years' imprisonment was illegal, La.C.Cr.P. Art. 882, and must, therefore, be vacated. Accordingly, the sentence imposed upon defendant is annulled and set aside, and the case is remanded to the district court with instructions to the trial *873 judge to resentence the defendant to life imprisonment.
SENTENCE VACATED; CASE REMANDED.