SHORTESS, Judge.
Clarence Barber (defendant) was charged by bill of information with possession of Pentazocine (Talwin), a controlled dangerous substance, in violation of La.R.S. 40:967. After pleading not guilty, defendant waived jury trial and was tried by a judge alone. The court found defendant guilty as charged and sentenced defendant to imprisonment at hard labor for three and one-half years with credit for time served. Defendant now appeals this conviction and sentence, alleging and briefing six assignments of error.
ASSIGNMENTS OF ERROR
1. The trial court erred in assuming that the letters “C W” were the initials of the lab technician who tested the alleged controlled dangerous substance.
2. The trial court erred in denying the defense objection to the “preliminaries” that occurred prior to defendant’s arrest for possession of a controlled dangerous substance.
3. The trial court erred in failing to require the State to prove beyond a reasonable doubt that defendant had the controlled dangerous substance in his possession.
4. The trial court erred in allowing the State to introduce the pills containing the controlled dangerous substance as the arresting officers failed to give defendant his Miranda rights, including the right to remain silent and that anything he said would be used against him at trial for possession of a controlled dangerous substance.
5. The defense attorney was incompetent.
6. Defendant received an excessive sentence.
FACTS
Defendant was arrested for felony theft of a lady’s purse. When the arresting officers conducted a “pat down” of defendant’s person, some of the stolen money, two pills, one blue and one peach, were found. The pills were sent to the Louisiana State Police Crime Lab for chemical analysis. The peach pill contained Pentazocine, a controlled dangerous substance listed in La. R.S. 40:964, Schedule II D (2).
ASSIGNMENT OF ERROR NO. 1
Defendant alleges error by the trial court because the judge assumed that the initials “C W” were the initials of the technician who prepared the lab report on the two pills which had been found in defendant’s pocket. At trial, Michael Kosiba, the forensic chemist employed by the Louisiana State Police Crime Lab testified that the initials “M K” at the bottom of the report *296 were his but that he did not know what the initials “C W” stood for. At that point, the trial judge commented that the initials were probably those of the crime lab technician, saying, “I’m just guessing, of course.” The defense attorney made no objection at that time to the judge’s comment.
La.C.Cr.P. art. 841 provides in pertinent part:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.
When defendant failed to raise an objection to the trial judge’s remark at trial, he waived argument on appeal.
Later in the trial Candace Hodges, one of the arresting officers who was present when the pills were discovered on defendant’s person, testified that she watched her partner, Charles Weldon, remove the pills from defendant’s pocket, package them for submission to the State crime lab for testing, and initial the order accompanying the pills. She stated that she recognized her partner’s initials and handwriting on the analysis request form. Thus, the State satisfactorily met the burden of proof as to whose initials were on the analysis request form.
As defendant raised no objection to the comment when it was made at trial, there is nothing for this court to review. In any event, we find no prejudice because the remark was harmless, and it was a bench trial.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant complains that the trial court erred by allowing testimony that related to events prior to his arrest for possession of a controlled dangerous substance. Those events consisted of defendant’s arrest for the theft of a woman’s purse and the “pat down” subsequent to that arrest which produced the pentazocine.
The State in brief contends that these were the events and circumstances that led to defendant's arrest on the drug charge and therefore were necessary incidents to the criminal act with which defendant was charged and fall within the scope of La. R.S. 15:447 as part of the res gestae. We agree.
La.R.S. 15:447 defines res gestae and provides:
Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
La.R.S, 15:448 provides:
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous action.
The general rule against introduction of evidence of other crimes does not prohibit the state from introducing into evidence criminal acts which are part of res gestae, which are always admissible. State v. Brown, 428 So.2d 438 (La.1983).
The record revealed that defendant’s arrest for felony theft and his “pat down” which produced the controlled dangerous substance were necessary incidents to the criminal act with which he was charged and formed one continuous series of events. The trial judge properly admitted into evidence the testimony of these events as part of the res gestae of the instant crime.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 3
Defendant complains that the State failed to prove beyond a reasonable doubt that defendant had the controlled dangerous substance in his possession.
On examining the record we see that Officer Hodges testified that she was present at the “pat down” and actually saw Officer Weldon remove a blue pill and a *297 peach pill[1] from defendant’s pocket. Her partner was not available to testify at trial; however, both defense counsel and State’s counsel stipulated that:
“Officer Weldon would testify as this officer has testified that they were together, that they investigated a theft, that theft led to an arrest, that upon the pat-down that he recovered the evidence as this officer testified and that he tagged the evidence and submitted it.”
We find the State has borne the burden of proving beyond a reasonable doubt that defendant had a controlled dangerous substance in his possession at the time of his arrest. The applicable standard of review is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proved beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Kor-man, 489 So.2d 1099 (La.App. 1st Cir.1983).
This assignment of error has no merit. ASSIGNMENT OP ERROR NO. 4
Defendant contends that he was denied constitutional due process when the controlled dangerous substance was introduced at trial as evidence against him because he had not been given his Miranda rights to remain silent and that anything he said would be used against him at any proceedings based on the charge of possession of the controlled dangerous substance. However, the record reveals that defense counsel did not object when the pill containing the controlled dangerous substance was allowed into evidence.
Officer Hodges testified that defendant was given his rights when he was arrested for felony theft. The validity of defendant’s arrest for felony theft is not questioned. When the officers conducted a “pat down” of defendant’s person incident to that arrest, the pills discovered in defendant’s pocket at that time were lawfully seized and admissible. Almost immediately he was arrested for the instant drug charge. Further, defendant did not attempt prior to trial to suppress the introduction of the pills nor has he alleged that he had no prior opportunity to do so; therefore, defendant has waived his right to object to the introduction of such evidence at trial. La.C.Cr.P. art. 703(F); Cf. State v. Franklin, 263 La. 344, 268 So.2d 249 (La.1972).
As defendant raised no objection at the time, the pill containing the controlled dangerous substance was introduced into evidence at trial, there is nothing for this court to review. La.C.Cr.P. art. 841.
This assignment of error has no merit. ASSIGNMENT OF ERROR NO. 5
Defendant contends that his trial counsel was incompetent because he permitted certain evidence to be introduced by the State without identification and stipulated to certain facts without requiring the officer to present his evidence in person.
The record contains no evidence that the issue of incompetence or ineffectiveness of defense counsel has ever been before the trial court. This issue is more properly reviewable by post-conviction relief writ of review where a full evidentiary hearing may be conducted. La.C.Cr.P. art. 924; State v. Rogers, 428 So.2d 932 (La. App. 1st Cir.1983).
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 6
Defendant complains that he received an excessive sentence.
Defendant was found guilty of possession of pentazocine in violation of La.R.S. 40:967. The possible penalty for such violation is imprisonment with or without hard labor for not less than two years and for not more than five years, and, in addition, defendant could be sentenced to pay a fine of not more than $5,000.00. Defendant received the sentence of three and one-half years imprisonment at hard labor and no monetary fine. The trial judge noticed, *298 among other things, that defendant had several prior felony convictions; that defendant’s probation had been terminated unsatisfactorily twice; and that defendant had previously committed at least one violent crime, although the crime here is nonviolent. We find no abuse of the discretion afforded the trial judge, who gave a medium-range sentence after consideration of all the circumstances.
This assignment of error is without merit.
Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The peach pill, when tested at the crime lab, was found to contain Pentazocine (Talwin). Used with the blue pill (Pyrobenzanine), a street drug known as "T's and Blues" is produced.