DOMENGEAUX, Judge.
The defendant, Donald B. Gill, was charged by bill of information with operating a motor vehicle after having been adjudicated a habitual traffic offender, a violation of La.R.S. 32:1480. The defendant was convicted pursuant to his plea of guilty and was sentenced to two years imprisonment in the Calcasieu Parish jail. The defendant appeals both his conviction and sentence.
*766 FACTS
On January 21, 1985, Donald Gill was arrested for driving while intoxicated. He was subsequently charged with COUNT ONE driving while intoxicated, fourth offense, and COUNT TWO operating a motor vehicle after having been adjudicated a habitual traffic offender. The defendant entered a plea of not guilty to COUNT ONE, but pled guilty to COUNT TWO. All evidence relating to the results of the intoxi-lizer test showing the defendant’s blood alcohol level at the time of his arrest was excluded at a suppression hearing before the DWI trial. As a result, the jury returned a verdict of not guilty to COUNT ONE.
The trial court entered judgment on the defendant’s plea of guilty to the charge of operating a motor vehicle after having been adjudicated a habitual traffic offender. However, before sentencing the defendant moved to withdraw his guilty plea. The defendant maintained that since the driver’s license suspension period of La. R.S. 32:1479 had been reduced from five to three years, his driving privileges should have been restored before his arrest on January 21, 1985. The defendant argued that the suspension provision was retroactive and therefore, the interests of justice entitled him to a trial. The trial court disagreed and denied the motion to withdraw the guilty plea, holding that the suspension provision was substantive in nature, and that as such it could not be given retroactive effect.
The defendant has appealed his conviction citing the trial court’s error in failing to hold that La.R.S. 32:1479 was retroactive in effect and in not allowing the defendant to withdraw his guilty plea. The defendant also appeals his sentence, alleging that the trial court (1) took into consideration facts not in evidence when sentencing the defendant, (2) failed to adequately consider the sentencing guidelines of La.C.Cr.P. Art. 894.1, and (3) imposed an excessive sentence.[1]
LAW
In 1981 Donald B. Gill was adjudicated a habitual traffic offender under the provisions of La.R.S. 32:1471, et seq. As a result, his driving privileges were suspended for five years pursuant to the current mandate of La.R.S. 32:1479. In 1982, La. R.S. 32:1479 was amended to provide for a three year period of suspension.[2]
The defendant argues that the 1982 suspension period amendment to La.R.S. 32:1479 is retroactive, that his suspension period had expired in 1984, and, hence, that he was not guilty of a violation of La.R.S. 32:1480 — operation of a motor vehicle while a suspension order prohibiting such opera *767 tion remained in effect.[3] Therefore, the defendant alleges the trial court’s error in refusing to allow a withdrawal of the guilty plea.
We agree with the trial court that the change in the period of suspension, from five to three years is not retroactive. “The mere fact that a statute may be subsequently amended so as to modify or lessen the possible penalty exposure to be imposed does not extinguish liability for the offense committed under a previous valid statutory scheme.” State v. Johnson, 429 So.2d 870 (La.1983).
Further, we note that even if the 1982 amendment to the suspension period was retroactive, the defendant would still be guilty of a violation of La.R.S. 32:1480. That statute expressly forbids operation of a motor vehicle while the suspension “remains in effect.” The suspension of driving privileges remains in effect until expiration of the applicable delay (i.e., five or three years), the Department of Public Safety has determined that the offender has complied with state financial respon-siblity requirements and demonstrated that he has faithfully complied with the order declaring him a habitual offender, and the offender’s license is reissued. At the time of the defendant’s arrest in January of 1985 the Department of Public Safety had not yet reissued the defendant’s license; therefore, his driving privileges were in suspension and he was operating a motor vehicle in violation of La.R.S. 32:1480.
Since we hold that the amendment to the suspension provision of La.R.S. 32:1479 is not retroactive, and alternatively that the retroactivity of La.R.S. 32:1479 is immaterial to the issue of whether the defendant was guilty of operating a motor vehicle after having been adjudicated a habitual traffic offender, the trial judge committed no error in refusing to allow the defendant to withdraw his guilty plea. Assignments of Error Nos. 1 and 2 are without merit.
Next, the defendant alleges the trial court erred in failing to individualize his sentence by adequately considering the sentencing guidelines of La.C.Cr.P. Art. 894.1. Additionally, the defendant complains that the trial judge took into consideration facts not in evidence and extraneous to the case in passing his sentence.
The purpose of La.C.Cr.P. Art. 894.1 is to tailor the sentence of the defendant to the circumstances of his crime and his rehabilitative potential. To this end Article 894.1 sets out three considerations which recommend incarceration and several other factors to be assessed in determining the suspension or probation of any sentence imposed.[4]
*768 The record reveals that the trial judge took into account several factors in determining the defendant’s sentence. Among those were the defendant’s history of drunk driving, a guilty plea to his crime, and the fact that the defendant was drunk when arrested for operating a motor vehicle with a suspended license. The defendant maintains that this latter fact was neither in evidence nor germane to the case, although the fact of his intoxication at the time of arrest was presented to the court in a presentence investigation report. We see no error in the trial court’s consideration of the defendant’s intoxication at arrest inasmuch as it bears directly on the seriousness of his offense and is not restricted by the evidentiary rules of trial. State v. Williams, 412 So.2d 1327 (La. 1982).
Although the trial judge stated several of his considerations in imposing sentence, he failed to articulate any of the enumerated factors of Article 894.1. Although the trial judge failed to comply with that Article, there is no error in the sentence. A sentencing court is afforded wide discretion in imposing a sentence within statutory limits. State v. Lanclos, 419 So.2d 475 (La.1982). Further, where a sentence is not apparently severe and is in the lower range of the sentencing scale, the appellate court need not remand for compliance with Article 894.1. State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984); State v. Jones, 412 So.2d 1051 (La.1982).
In the instant case, the crime for which the defendant was convicted provided for imprisonment of not less than one year nor more than five. The defendant was sentenced to two years in the Calca-sieu Parish jail. This sentence is in the lower range of the judge’s discretion. . Further, it is not apparently severe in light of the frequency of the defendant’s history of drunken driving and his drunkenness at the time of his arrest. Therefore, the defendant’s assignments of error Nos. 4, 5, and 6 are without merit.
Finally, the defendant complains his sentence was excessive.[5] Based on the above review of the defendant's case and his criminal history, we find no abuse of the trial court’s wide discretion in sentencing. State v. Brian, 467 So.2d 878 (La.App. 3rd Cir.1985).
For the above and foregoing reasons the conviction and sentence of Donald B. Gill are affirmed.
AFFIRMED.

. The defendant submitted six issues for our review, as follows:
“(1) Did the Trial Court commit error in refusing to allow the withdrawal of the guilty plea to count 2 of the Bill of Information?
(2) Did the Trial Court commit error in determining that the 1982 amendment to LSA-R.S. 32:1471, et seq. was not to be given retroactive effect?
(3) Did the Trial Court commit error in sentencing defendant to an excessive sentence under the circumstances, thereby violating the constitutional rights of this defendant?
(4) Did the Trial Court fail to adequately consider the sentencing guidelines of art. 894.1 of the Code of Criminal Procedure?
(5) Did the Trial Court fail to individualize the sentence to the offender and the offense?
(6) Did the court commit error in taking into consideration at sentencing, facts not in evidence and which were extraneous to the record, in order to justify enhancement of the penalty, contrary to the constitutional rights of the defendant?"

. La.R.S. 32:1479 provides:
“No license to operate motor vehicles in this state shall be issued to a habitual offender, nor shall a nonresident habitual offender operate a motor vehicle in this state until all of the following requirements have been complied with:
(1) A period of three years has elapsed since the date of the order of the court finding such person to be a habitual offender.
(2) Financial responsibility requirements are met.
(3) If after the lapse of the three year period provided above, the department determines that the person has faithfully complied with the order declaring him to be a habitual offender, the department shall restore to such person the privilege to operate a motor vehicle in this state.”

. La.R.S. 32:1480 provides in pertinent part:
“A. It shall be unlawful for any person to operate any motor vehicle in this state while the order of suspension prohibiting the operation remains in effect. Any person found to be a habitual offender under the provisions of this Chapter who is thereafter convicted of operating a motor vehicle in this state while the order of suspension prohibiting such operation is in effect, shall be punished by imprisonment for not less than one year nor more than five years.

. The facts to be considered by the trial court in sentencing include:
"(1) The defendant’s criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
*768 (11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents."

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La. 1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.