PER CURIAM.
The defendant, J.W. Brown, was charged by bill of indictment with manslaughter with a firearm in violation of LSA-R.S. 14:31 and 14:95.2. A jury entered a unanimous verdict finding him guilty as charged. He was sentenced to the maximum imposable sentence of 21 years at hard labor without benefit of probation, parole or suspension of sentence. LSA-C.Cr.P. Art. 893.1. Additionally, he was sentenced under LSA-R.S. 14.95.2 to two more years at hard labor with this additional two-year term to be served consecutively and also without benefit of parole, probation or suspension of sentence. The defendant appeals claiming that the sentence imposed is unconstitutionally excessive and that the trial judge improperly applied LSA-C.Cr.P. Art. 893.1. We affirm the sentence imposed by the trial court.
On September 11, 1987, the victim, Joe Johnson, and the defendant, J.W. Brown, were standing outside the Lakeview Grocery Store on Milam Street in Shreveport, Louisiana. An argument ensued over the fact that the victim owed some money to the defendant. The defendant took his shirt off, indicating that he was going to fight, but he then pulled a handgun and shot the victim in the chest. Another shot may have been fired, which did not hit the victim. (The testimony is conflicting as to whether one or two shots were fired before the victim turned and ran.) The victim turned and ran up Milam Street, and the defendant fired another shot, which hit the victim in the back and entered his lung. The victim collapsed in a yard on Milam Street. He was taken to LSU Medical Center but was dead on arrival. The cause of death was the wound inflicted by the second shot which entered the defendant through the back. Police learned the identity of the defendant from witnesses at the scene. The following morning, the defendant turned himself in to the police, and he was booked for second degree murder.
One of the defendant’s contentions in arguing that his sentence is excessive is that the trial court improperly applied LSA-C.Cr.P. Art. 893.1 by providing that the entire sentence be imposed without benefit of parole, probation or suspension of sentence. That article has been changed since the instant offense. The article should be applied as it read at the time of the offense. State v. Johnson, 429 So.2d 870 (La.1983). At that time it read as follows:
Art. 893.1. Use of firearm in commission of a felony; sentencing
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
We agree with the trial court that the article as written at the time of the offense requires that any sentence imposed thereunder be without benefit of parole, probation or suspension of sentence. See State v. McKnight, 446 So.2d 915 (La.App. 1st Cir.1984).
The defendant next argues that because LSA-R.S. 14:95.2 mandates an additional two years without benefit of parole, probation or suspension of sentence, the state may not avail itself of LSA-C.Cr.P. Art. 893.1 because that article says that it *388 is applicable “when suspension of sentence is not otherwise prohibited.” However, it has been determined that the reference in LSA-C.Cr.P. Art. 893.1 regarding “without benefit” has reference to the underlying offense and its penalty provisions. Thus the two articles (LSA-R.S. 14:95.2 and LSA-C.Cr.P. Art. 893.1) have been said to be complementary rather than parallel and susceptible of use at the same time. State v. Harris, 480 So.2d 281 (La.1985).
The defendant’s final argument is that the sentence actually imposed of 23 years at hard labor without benefit of parole, probation or suspension of sentence is unconstitutionally excessive. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983).
The defendant concedes in his brief that the trial judge adequately complied with LSA-C.Cr.P. Art. 894.1 in the imposition of the sentence; however, he claims that the trial judge failed to consider mitigating factors present in this case. Specifically, he alleges that the trial court did not consider his personal history and the fact that he is married with two small children to support. The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981). The defendant admits that the trial judge did consider the defendant’s prior criminal record and the seriousness of the offense. Although the trial judge did not mention the fact that the defendant was married and has two small children, this factor alone does not outweigh the fact that the defendant caused the death by shooting a man in the back and that the defendant has a criminal record of misdemeanors. There is an adequate factual basis for the sentence imposed; therefore, defendant’s claim is meritless.
Second, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
In the case at bar, an argument ensued over an unpaid loan. The defendant shot the victim once, and the victim turned and ran. The defendant shot the victim in the back and inflicted the fatal injury. The trial judge noted that based on the facts, the defendant could have been charged with second degree murder. He also felt that the criminal conduct was the result of circumstances that were likely to recur because the defendant had used a gun before, indicating dangerous proclivities to the judge. Based on these facts, the sentence imposed is not so disproportionate as to shock the sense of justice, nor does the sentence imposed indicate a manifest abuse of discretion.
For the reasons assigned, we find that the trial judge complied with LSA-C.Cr.P. Art. 894.1 in stating his reasons for the sentence imposed and that the sentence imposed is not unconstitutionally excessive. Thus, defendant’s assignments of error are *389 meritless and the sentence imposed is affirmed.
AFFIRMED.
NORRIS, J., dissenting in part.