JOURNAL ENTRY and OPINION
This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated appeal is to permit an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158.
Plaintiff-appellant John A. Johnson appeals from the trial court order that dismissed his action for a declaratory judgment.
Appellant asserts in his assignments of error the trial court improperly failed to take into consideration his good faith effort to comply with statutory requirements and also improperly concluded appellant's constitutional rights were not violated by the modification of his death sentence without a resentencing hearing. This court concludes, however, that appellant is incorrect. Consequently, the trial court's order is affirmed.
Appellant's appeal stems from the decisions issued by the United States Supreme Court in Bell v. Ohio (1978), 438 U.S. 586, and in Lockett v. Ohio (1978), 438 U.S. 637, which determined unconstitutional the Ohio statutory scheme for imposition of the death penalty as it existed at that time. Appellant was one of the inmates affected by those two decisions.
In compliance with them, the Ohio Supreme Court issued an order dated August 16, 1978 modifying the death sentence imposed upon appellant, reducing the sentence to a term of life imprisonment.
Twenty-three years later, appellant filed the instant action. Appellant sought a declaration from the trial court that The Ohio Supreme Court's order had mandated his life sentence only be issued by a court of competent jurisdiction such as the trial court.
Defendant-appellee, The Ohio Adult Parole Authority[1] eventually filed a Civ.R. 12(C) motion for judgment on the pleadings. Appellee contended appellant had failed to meet the requirements of R.C. 2969.25
prior to filing his action, and, further, no controversy existed since the supreme court had authority to modify appellant's sentence. The trial court subsequently granted appellee's motion without opinion.
Appellant's two assignments of error are overruled on the basis of Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166; State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, and Vargas v. Metzer (1973), 35 Ohio St.2d 116. Appellant made no showing on the face of his complaint that the mandatory requirements R.C. 2969.25 were inapplicable; hence, dismissal was appropriate. R.C. 2969.24(B). Moreover, pursuant to Art. IV, Section 2(B)(2)(a)(ii) of the Ohio Constitution, The Ohio Supreme Court has appellate jurisdiction over cases in which the death penalty has been affirmed.
The trial court's order of dismissal, therefore, is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J. CONCUR.
[1] Although the Cuyahoga County Clerk of Courts also was named as a defendant in the action, appellant does not challenge the trial court's order that granted dismissal of his action pursuant to Civ.R. 12(B)(6) as to that defendant.