807 So.2d 834 (2002)
STATE of Louisiana
v.
Rogest FEDISON and Montresa Johnson.
No. 2001-KK-2736.
Supreme Court of Louisiana.
February 8, 2002.
Rehearing Denied March 22, 2002.
*835 PER CURIAM.
Granted. Because defendant Fedison was en route to the predicted destination, at the predicted time, driving the predicted vehicle, the confidential informant demonstrated the requisite "special familiarity" with the defendant's affairs to justify a police stop. Alabama v. White, 496 U.S. 325, 332, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301 (1990); State v. Robertson, 97-2960, p. 5 (La.10/20/98), 721 So.2d 1268, 1270. In addition, given the circumstances under which they stopped the vehicle, the police lawfully ordered both defendant Fedison, the driver, and defendant Johnson, his passenger, out of the car. Maryland v. Wilson, 519 U.S. 408, 415, 117 S.Ct. 882, 886, 137 L.Ed.2d 41 (1997); State v. Landry, 588 So.2d 345, 346-47 (La.1991). Further, because Johnson had accompanied the defendant to a scheduled drug deal as predicted by the informant, the officers had reasonable suspicion to detain and question her. La.C.Cr.P. art. 215.1; Landry, 588 So.2d at 348. Johnson's subsequent admission that she carried narcotics in her underwear, and her production of a quarter of an ounce of cocaine, gave the police probable cause to place her under arrest.
The trial court therefore erred in suppressing the evidence seized from defendant Johnson and erred further in ruling that the police fatally tainted their subsequent warrant application for Fedison's residence following the arrests of both defendants by including in the affidavit Johnson's statement to the officers that defendant Fedison had given her the cocaine to conceal when he stopped the officers in the rearview mirror of his car just before the stop. The police had obtained that statement lawfully and decided to obtain the search warrant at the scene of the vehicular stop, before taking the defendants to Fedison's residence, kicking in the door, and making a security sweep of the premises. Because the warrant application contains no information derived from the security sweep and concludes with the arrests of Fedison and Johnson on the street, the officers would have inevitably discovered the cocaine hidden in Fedison's sock by lawful means even assuming that they initially discovered it in a search which exceeded the proper scope of a security sweep of the premises to identify and account for all of the individuals present. See Murray v. United States, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988) (evidence observed in plain view by officers during an illegal entry to secure the premises need not be excluded if they again enter under a valid warrant wholly independent of the initial illegal entry and if the decision to obtain the warrant was also wholly independent of the initial entry).
The trial court's judgment granting defendants' motions to suppress is therefore reversed and this case is remanded for further proceedings consistent with the views expressed herein.
JOHNSON, J., would deny the writ.
WEIMER, J., would grant and docket. Although I agree with the conclusions reached in the order, I would grant and docket to issue a full opinion.