811 So.2d 875 (2002)
STATE of Louisiana ex rel. Shane M. THIBODEAUX
v.
STATE of Louisiana.
No. 2001-KK-2510.
Supreme Court of Louisiana.
March 8, 2002.
PER CURIAM.
Writ Granted. The district court found the testimony of the officer witnesses credible and that the defendant voluntarily consented to the search of his house. In these circumstances, a reviewing court owes that determination great deference and may not overturn it in the absence of manifest error. See, e.g., State v. Bourque, 622 So.2d 198, 222 (La.1993) (a "trial judge's ruling [on a fact question], based on conclusions of credibility and weight of the testimony, is entitled to great deference...."); Ambrose v. New Orleans Police Amb. Serv., 93-3099 pp. 7-9 (La.7/5/95), 639 So.2d 216, 220-21 (reviewing court must affirm trial court's findings of fact "where the latter's judgment is not clearly wrong or manifestly erroneous."); cf. State v. Hampton, 98-0331, p. 12 (La.4/23/99), 750 So.2d 867, 884 ("As a general rule, deferential standards of review apply to factual and other trial determinations, while determinations of law are subject to de novo review."). Accordingly, we reinstate the district court's order denying the defendant's motion to suppress.
CALOGERO, C.J., would grant and docket the writ.
JOHNSON, J., would deny the writ.