# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 06-673

STATE OF LOUISIANA

VERSUS

DEYON ROMAIN GUILLORY

************

**APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 68486-FA
HONORABLE JOHN LARRY VIDRINE,
DISTRICT COURT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**C. Brent Coreil - District Attorney
ADA Trent S. Brignac
P. O. Drawer 780
Ville Platte, Louisiana 70586-0780
(337) 363-3438
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana**

**Mack I. Frank**
**633 North Union Street**
**Opelousas, Louisiana 70570**
**(337) 948-9701**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Deyon Romain Guillory**

**GENOVESE, Judge**.

On November 22, 2004, the State filed a bill of information charging Defendant, Deyon Romain Guillory, with possession of cocaine with intent to distribute, in violation of La.R.S. 40:967. On November 29, 2005, the trial court heard Defendant's motion to suppress, which it denied. On the same date, a jury began hearing evidence in this case. On November 30, 2005, the jury found Defendant guilty of the lesser-included offense of possession of cocaine.

On February 9, 2006, the court sentenced Defendant to four years at hard labor, with one year suspended and two years active supervised probation. The court denied Defendant's motion to reconsider sentence.

Defendant now appeals his conviction. In his lone assignment of error, he challenges the trial court's denial of his motion to suppress. Our analysis of the record indicates that the trial court's denial of Defendant's motion to suppress was correct, and we affirm the trial court.

## FACTS

On December 5, 2003, an informant for the Evangeline Parish Sheriff's Office, Lonnie Fontenot (the informant), contacted Defendant, asking to obtain an ounce of cocaine. Defendant advised the informant that he was too busy at the time, but told him that he would contact him later. The informant then contacted Detective Keith Dupre (Dupre) to advise him of what Defendant had said. Later that same day, Defendant contacted the informant and told him he could supply half an ounce of cocaine. Defendant called again later and told the informant to meet him on Point Blue Road in Evangeline Parish.

The informant made another call to Dupre to advise him that the meeting with Defendant had been set. Dupre and two other officers, Captain Joe Demourelle and

1

Deputy Robert Bryce Fontenot, met the informant at his residence and followed him to Point Blue Road. Defendant was parked just off the road. When the informant pulled over near his truck, the officers turned around and also parked.

Dupre secured the informant, pretending to arrest him so that Defendant would not realize he was an informant. The other officers approached Defendant. Deputy Fontenot advised Defendant to get on the ground. Defendant hesitated at first, moving around his truck, but upon encountering Demourelle, he complied. Deputy Fontenot asked him if he had any weapons or drugs in his possession, and he answered that he had cocaine in his left front pants pocket. The deputy checked Defendant's pocket and seized a plastic bag containing white powder. Subsequent laboratory testing established that the white powder was cocaine.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, this court notes that there is one error patent in the minutes of sentencing.

The minutes of sentencing fail to set forth the conditions of probation imposed by the trial court at sentencing. Therefore, this case must be remanded to the trial court with instructions to amend the minutes of sentencing to reflect the conditions of probation imposed by the trial court.

## ASSIGNMENT OF ERROR

In his lone assignment of error, Defendant contends that the trial court erred in denying his motion to suppress. Further, he argues that the cocaine seized in the present case was the fruit of an unlawful search that was performed without either probable cause or a warrant. In addressing this assignment of error, this court has reviewed the trial evidence, as well as the evidence presented at the hearing on the

motion to suppress.

Defendant cites La.Code Crim.P. art. 215.1(A), which states that "[a] law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions."

The seizure in the present case conforms to the language previously cited. Also, in a similar factual scenario, the supreme court approved a stop and subsequent seizure:

> Granted. Because defendant Fedison was en route to the predicted destination, at the predicted time, driving the predicted vehicle, the confidential informant demonstrated the requisite "special familiarity" with the defendant's affairs to justify a police stop. *Alabama v. White*, 496 U.S. 325, 332, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301 (1990); *State v. Robertson*, 97-2960, p. 5 (La.10/20/98), 721 So.2d 1268, 1270. In addition, given the circumstances under which they stopped the vehicle, the police lawfully ordered both defendant Fedison, the driver, and defendant Johnson, his passenger, out of the car. *Maryland v. Wilson*, 519 U.S. 408, 415, 117 S.Ct. 882, 886, 137 L.Ed.2d 41 (1997); *State v. Landry*, 588 So.2d 345, 346-47 (La.1991). Further, because Johnson had accompanied the defendant to a scheduled drug deal as predicted by the informant, the officers had reasonable suspicion to detain and question her. La.C.Cr.P. art. 215.1; *Landry*, 588 So.2d at 348. Johnson's subsequent admission that she carried narcotics in her underwear, and her production of a quarter of an ounce of cocaine, gave the police probable cause to place her under arrest.
>
> The trial court therefore erred in suppressing the evidence seized from defendant Johnson and erred further in ruling that the police fatally tainted their subsequent warrant application for Fedison's residence following the arrests of both defendants by including in the affidavit Johnson's statement to the officers that defendant Fedison had given her the cocaine to conceal when he stopped [sic] the officers in the rearview mirror of his car just before the stop. The police had obtained that statement lawfully and decided to obtain the search warrant at the scene of the vehicular stop, before taking the defendants to Fedison's residence, kicking in the door, and making a security sweep of the premises. Because the warrant application contains no information derived from the security sweep and concludes with the arrests of Fedison and Johnson on the street, the officers would have inevitably discovered the cocaine hidden in Fedison's sock by lawful means even assuming that they initially discovered it in a search which exceeded the

3

proper scope of a security sweep of the premises to identify and account for all of the individuals present. *See Murray v. United States*, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988) (evidence observed in plain view by officers during an illegal entry to secure the premises need not be excluded if they again enter under a valid warrant wholly independent of the initial illegal entry and if the decision to obtain the warrant was also wholly independent of the initial entry).

The trial court's judgment granting defendants' motions to suppress is therefore reversed and this case is remanded for further proceedings consistent with the views expressed herein.

*State v. Fedison*, 01-2736, pp. 1-2 (La. 2/8/02), 807 So.2d 834, 835 (per curiam).

In the present case, Deputy Fontenot told Defendant to assume a prone position. After initial hesitation, he complied. Thus, it appears Defendant may have been subject to a greater degree of detention than the defendant in *Fedison*. However, the *Fedison* court approved the extra step of removing both the driver and passenger from the vehicle after the initial stop in that case, and specifically stated the police "had reasonable suspicion *to detain* and question" the co-defendant. *Id*. (Emphasis added). It is noted that an even greater degree of restraint, handcuffing, has been approved by some Louisiana courts within the context of investigatory stops. *See, e.g., State v. Adams*, 01-3231 (La. 1/14/03), 836 So.2d 9, and *State v. Gray*, 99-47 (La.App. 5 Cir. 6/1/99), 738 So.2d 668.[1] Placing Defendant in a prone position did not render the *Fedison* reasoning inapplicable to the present case.

A key similarity between the two cases is that the information provided by the informants in each case accurately predicted the actions of the defendant involved. Further, the officers in the present case did not stop Defendant's vehicle and remove him from it. He was already stopped and out of the vehicle when officers approached. As the case *sub judice* is analogous to *Fedison*, the trial court's denial of the motion to suppress was correct.

_____

[1]It is not clear when officers handcuffed Defendant, but it appears they did not do so until after finding the cocaine.

4

Defendant also argues that a search warrant issued for a search of his residence[2] was defective. The State offers a number of counter-arguments, but the most succinct one suggests that the issue is moot. The State suggests that Defendant's conviction was clearly based upon the seizure of cocaine from his pants pocket at the original stop. As previously noted, the jury found Defendant guilty of the lesser-included offense of possession of cocaine, rather than the charged offense of possession with intent to distribute cocaine. The trial evidence showed that Defendant had fifteen grams[3] of cocaine in his pocket. In the subsequent search of his residence, the police recovered a scale, two gallon-sized bags containing suspected cocaine residue, and a fire safe containing suspected cocaine residue. Laboratory testing was performed on only one of the two bags of suspected cocaine residue; the result was positive.[4] The safe tested negative for residue. Dupre did not submit the scale to the lab apparently because there was no indication of an illegal substance on it. The State also had difficulty establishing that the scale presented in court was the scale seized from Defendant's residence. [5]

It is apparent that the jury chose to reject the evidence seized from the house, as that evidence would have supported the theory that Defendant was engaged in the ongoing distribution of cocaine. Even if this court were to find the search warrant was invalid, Defendant's conviction would still stand. The cocaine that was found in Defendant's physical possession was located and seized before the warrant was signed.

---

[2] Defendant lived at his parents' home.

[3] Approximately half an ounce.

[4] Forensic chemist Kevin Ardoin of the Acadiana Crime Lab testified that when the lab has a number of bags of suspected residue to test, it typically stops the testing after a bag tests positive.

[5] The scale was ultimately admitted into evidence.

5

For the reasons set forth above, Defendant's lone assignment of error lacks merit.

**CONCLUSION**

Defendant's conviction is affirmed. Additionally, the trial court is instructed to amend the minutes of sentencing to reflect the conditions of probation imposed by the trial court at sentencing.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**