996 So.2d 530 (2008)
STATE of Louisiana
v.
Damone WALKER.
No. 08-KA-277.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2008.
*531 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, Michael F. Escudier, Trial Counsel, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Attorney at Law, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Defendant, Damone Walker, appeals from his guilty plea convictions,[1] on count one, to possession with intent to distribute MDNA, and, on count two, for possession of cocaine, and his respective sentences to 15 years at hard labor and five years, to be served concurrently. For the reasons which follow, we affirm.
At the hearing on the motion to suppress, the State presented the testimony of Detective Christopher Sperandeo of the Westwego Police Department and Sergeant Curtis Matthews of the Jefferson Parish Sheriff's Office (JPSO).
Detective Sperandeo testified that he received a tip from a confidential informant that Defendant would meet an unknown individual in Bridge City or Westwego to conduct a transaction for cocaine and Ecstasy. On cross-examination, Detective Sperandeo agreed that the tip, as reflected in a police report, stated the Defendant would leave 7805 Angela Street at approximately 4:00 p.m., with an unknown individual, for the purpose of conducting an Ecstasy transaction in the area of the intersection of Louisiana Avenue and Fourth Street in Westwego. Detective Sperandeo stated that the informant had proven reliable in previous investigations and that he had used the informant in four cases that led to arrests and convictions, as well as with some pending cases where the perpetrator had been indicted. After receiving the information, Detective Sperandeo passed the information on to Sergeant Matthews.
Sergeant Matthews testified that he conducted surveillance on 7805 Angela Street and observed the Defendant and a woman, later identified as Charmaine Davis, arrive at that address in a grey vehicle. The Defendant and Davis exited the grey vehicle and walked to a purple vehicle parked across the street from 7805 Angela. Sergeant *532 Matthews stated that prior to entering the purple vehicle, the Defendant handed Davis a small red object. The Defendant and Davis left in the purple vehicle at approximately 4:00 p.m., with the Defendant driving. Sergeant Matthews followed them on the Westbank Expressway. Sergeant Matthews stated that the car drove erratically prior to the stop, and testified that it was consistent with a "heat run," a maneuver that narcotics traffickers use to test for police presence. He stopped their car when it approached the intersection of Louisiana Avenue and Fourth Street. As he approached the Defendant's car on foot, he observed the Defendant looking at Davis' waist and Davis moving her hands in her waistband area. Sergeant Matthews testified that he thought she was concealing drugs or reaching for a gun.
Sergeant Matthews then removed the Defendant and Davis from the car and frisked them, noting that Defendant appeared to be staring at Davis in an intimidating way. Sergeant Matthews had his partner move the Defendant to the other side of the purple vehicle so he could question Davis alone. Sergeant Matthews escorted her to the rear of his vehicle, at which point he advised her of her rights and noticed that her pants' zipper was partially open. He questioned her briefly, and while they were returning to the purple vehicle, Sergeant Matthews observed her "hands moving by her crotch area." He saw her reach inside of her pants and pull out a plastic bag with a red object in it, which she discarded on the ground. Sergeant Matthews handcuffed Davis and seized the bag, which contained pills that tested positive for ecstasy and white objects that tested positive for cocaine.
The Defendant was charged with one count of possession with intent to distribute MDMA,[2] a violation of La. R.S. 40:966(A), and one count of possession of cocaine, a violation of La. R.S. 40:967(C).[3] The Defendant pled not guilty on each count. He filed a motion to suppress the evidence, which was held open after a hearing. Thereafter, the trial court, by written judgment, found that the tip, corroborated by the investigation, provided sufficient information to justify the investigatory stop of the vehicle, and denied the motion to suppress. The Defendant then withdrew his not guilty plea on October 23, 2007, and pled guilty under State v. Crosby, 338 So.2d 584 (La.1976). The Defendant was sentenced the same day to 15 years at hard labor on the first count and five years on the second count. It was specified that the sentences were to run concurrent with the Defendant's other sentence or he would be allowed to withdraw his plea. It is from these convictions and sentences that Defendant appeals.
On appeal, the Defendant assigns one error arguing that the trial court erred in denying the motion to suppress. More particularly, the Defendant argues that the information obtained from the confidential informant was insufficient to furnish reasonable suspicion for an investigatory stop. The Defendant also argues that the testimony of police officers at the suppression hearing was not credible.
The State responds that the investigatory stop was based on a reliable confidential informant's predictive information, corroborated by the police investigation, which provided reasonable suspicion for the stop. Also, the State noted that the credibility of *533 testifying witnesses is not to be re-evaluated on appeal.
Law enforcement officers are authorized by La.C.Cr.P. art. 215.1, as well as state and federal jurisprudence, to perform investigatory stops upon reasonable suspicion of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). The Terry standard, as codified in La.C.Cr.P. art. 215.1, authorizes a police officer to stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and to demand that the person identify himself and explain his actions. State v. Temple, 02-1895, p. 4 (La.9/9/03), 854 So.2d 856, 859; State v. Melancon, 03-514, p. 5 (La.App. 5 Cir. 10/28/03), 860 So.2d 225, 229, writ denied, 03-3503 (La.4/23/04), 870 So.2d 297.
Under certain circumstances, a tip by an informant can supply reasonable suspicion to detain and question a person. State v. Bolden, 380 So.2d 40 (La.1980), certiorari denied, 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70; State v. Rodriguez, 99-914, p. 4 (La.App. 5 Cir. 1/25/00), 761 So.2d 14, 17, writ denied, 00-0599 (La.4/7/00), 759 So.2d 765. The tip, together with subsequent corroboration by police officers must provide reasonable suspicion for the investigatory stop of the suspect. State v. Robertson, 97-2960 (La.10/20/98), 721 So.2d 1268.
In a case similar to the instant one, the Louisiana Supreme Court reversed the lower court's decision granting the defendant's motion to suppress upon finding that "[b]ecause defendant Fedison was en route to the predicted destination, at the predicted time, driving the predicted vehicle, the confidential informant demonstrated the requisite "special familiarity" with the defendant's affairs to justify a police stop." State v. Fedison, 01-2736, p. 1 (La.2/8/02), 807 So.2d 834, 835 (Per Curiam).
In the present case, police received a tip from a confidential informant whom they testified was reliable in four cases resulting in convictions and several other successful investigations leading to arrests. The tip stated that Defendant would leave 7805 Angela Street with a companion at approximately 4:00 p.m. in order to complete a narcotics transaction in the area of Louisiana Avenue and Fourth Street in Westwego. The tip, by a reliable informant, predicted the Defendant's actions at a specific place, a specific time and a destination. The information was verified and corroborated through police surveillance. The Defendant was stopped en route to the predicted destination, after leaving at approximately the predicted time from the predicted point of departure, with the predicted companion.
Further, the officers observed the Defendant hand something to Davis prior to their departure. The officers also observed the Defendant's "heat run" erratic driving, prior to stopping him, a maneuver common in drug trafficking. Therefore, based on our review of the applicable law and the totality of the circumstances, including the information of the informant, the corroboration of the information and the officers' own independent observations of activity, we find there was reasonable suspicion justifying the stop and, therefore, the Defendant was lawfully stopped.
The Defendant also argues that the State's witnesses were not credible and their testimony should not have been believed. At a hearing on a Motion to Suppress, the state bears the burden of proof in establishing the admissibility of evidence seized without a warrant. State v. *534 Tovar, 03-513, p. 4 (La.App. 5 Cir. 10/15/03), 860 So.2d 51, 54. La.C.Cr.P. art. 703(D). A reviewing court owes great deference to a trial court's credibility determinations and may not overturn them in the absence of manifest error. State ex rel. Thibodeaux v. State, 01-2510, p. 1 (La.3/8/02), 811 So.2d 875.
Unlike determinations of law made by the trial court, to which the appellate court owes no deference, the trial court's factual and credibility determinations in deciding to deny a motion to suppress are afforded great weight and will not be set aside unless a preponderance of the evidence dictates such action. State v. Mitchell, 360 So.2d 189 (La.1978); State v. Flagg, 01-65, p. 4 (La.App. 5 Cir. 7/30/01), 792 So.2d 133, 138, writ denied, 01-2534 (La.9/20/02), 825 So.2d 1159.
The evidence presented in this case does not preponderate in favor of reversing the trial court's credibility determinations. We do not find the officer's testimony that the Defendant made a hand exchange after leaving the privacy of his vehicle so incredible as to be clearly false. There could have been several reasons for this action, and when viewed with the officer's other testimony that was corroborated, we do not find it to be beyond belief. Moreover, we do not find this fact essential to the reasonable suspicion finding. Accordingly, upon finding the evidence sufficient to support a finding that the officers had reasonable suspicion to stop the Defendant, we find no error in the trial court ruling denying the motion to suppress.

ERROR PATENT DISCUSSION
The Defendant requests an error patent review. This Court routinely reviews the record for errors patent regardless of whether a defendant makes such a request. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). Following review, we find no errors requiring corrective action.
Accordingly, for the reasons stated above, we affirm the Defendant's conviction for possession with intent to distribute MDMA and possession of cocaine, and his respective sentences to 15 years at hard labor and five years, to run concurrent with his other sentence.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Defendant pled guilty to both counts with which he was charged, reserving his rights to appellate review as per State v. Crosby, 338 So.2d 584 (La. 1976), following the denial of his motion to suppress.
[2] Through testimony, the State identified MDMA as Ecstasy.
[3] The bill of information also names a co-defendant, Charmaine M. Davis, on each count.